# Board of Common Council of Frankfort v. Hall.

# Andrews Asphalt Paving Company v. Same.

(Decided January 29, 1929.)

F. M. DAILEY for appellant Board of Common Councilmen of Frankfort.

JAS. H. POLSGROVE and MORRIS & JONES for appellant Andrews Asphalt Paving Co.

POLK SOUTH, JR., for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Irvine Hall owns a lot located at the corner of Polsgrove and Dabney streets, in the city of Frankfort. During the summer of 1927 the city awarded a contract to the Andrews Asphalt Paving Company for the improvement of some of its streets. While the work was being done it was necessary to close some streets to traffic. In order to provide a temporary way for the accommodation of travel, the city did some work on Polsgrove and Dabney streets. In doing that work the lot of Hall was used for the deposit of dirt, and some of his fencing was destroyed. Hall sued the city and the paving company, seeking to recover damages for the trespass. A

trial resulted in separate judgments in favor of Hall against the defendants for $200 each, and they have filed separate motions in this court for an appeal.

■ The Andrews Asphalt Paving Company had no contract to do any work on Polsgrove and Dabney streets. Its only connection with that work was to allow the city the use of its tools, steam shovel and men. No charge was made for the use of the property, but the city was required to pay the actual wages of the men and the actual cost of operation and maintenance of the equipment. The paving company required the city to use its men on account of their special training in handling and taking care of the equipment. It was established by the evidence without contradiction that the city alone did the work, using the tools, equipment, and men of the paving company, under the arrangement stated. The city was in sole and exclusive charge of the work, and in like control of the men and machinery. The men were under the orders of the city, and it could begin and stop the work at will. Under such circumstances, the owner of the tools and machinery is not liable for damages arising from the acts of the city while using the appliances lent to it. Hill v. Poindexter, 171 Ky. 847, 188 S. W. 851, L. R. A. 1917B, 699, Bowen v. Gradison Constr. Co., 224 Ky. 427, 6 S. W. (2d) 481.

It results that the court, on the facts shown, erred in submitting the case to the jury as to the Andrews Asphalt Paving Company.

■ The liability of the city, however, is governed by different principles. Whilst using the equipment of the paving company, the city was liable for any trespasses committed by its servants in the course of their employment. The complaint is that the instructions given by the court were erroneous, and that the damages allowed were excessive. It appears from the testimony that dirt and debris were piled upon Hall's lot in some places to a depth of six feet and some of his fencing destroyed. The damage to the fencing was estimated at $25, and some of the witnesses said it would cost $200 or $300 to restore the lot. Others put the cost at from $50 to $150. The evidence was vague and indefinite, but it was admitted without objection, and was sufficient when considered with the fact that the quantity of dirt was described. The city defended upon the ground that the plaintiff consented to all that was done. Hall admitted that he consented for

the dirt to be left on the lot, if the city would fill up the low places on the lot and cause the filling to be leveled. There was no proof or estimates as to the cost of such leveling. In view of plaintiff's admission that he consented to leave the dirt on the lot if the city would cause it to be leveled, filling the low places, it was important that the evidence and instructions to the jury should be confined to the damages caused by the failure to comply with the conditions of the consent.

On another trial the testimony should be directed to the probable and necessary cost of leveling the filling. which obviously would be less than to remove the dirt entirely. It would be manifestly unfair to hold the city liable for the entire cost of removing the dirt placed on the lot by it, when all the plaintiff desires is to have it leveled. Indeed the lot may be in better condition after the leveling is done, as desired by plaintiff, than existed before the trespass was committed. The instructions on another trial should be substantially as follows: If the jury believe from the evidence that the plaintiff consented unconditionally for the city to deposit on his lot the material in question, and to do the things shown by the proof to have been done by its servants, the law is for the defendant, and the jury should find for it; but, if the jury should believe from the evidence that plaintiff consented for said dirt and material to be placed on his lot, on condition, and with the understanding, that the material be filled in low places and leveled, then the jury will find for the plaintiff such sum in damages as will equal the fair and reasonable cost of so leveling said material placed on his lot, and for the fair and reasonable value of any fencing destroyed by the city in doing the work, but not exceeding altogether the sum of $400, the amount claimed in the petition.

This instruction, with one advising the jury how a verdict may be made by nine or more of the jury (Constitution, sec. 248, and Ky. Stats., sec. 2268), will constitute the law of the case, if the evidence be the same on another trial. If it should appear on another trial that the relation of the Andrews Asphalt Paving Company to the transaction was otherwise than is now shown, or if the evidence on that issue upon a new trial should be in conflict so as to require submission to the jury, the relative rights of the plaintiff and Andrews Asphalt Paving Company, under such circumstances, should be defined by separate instructions. If the evidence on the new trial

should be in substance the same as before, the jury should be directed to find a verdict for the paving company, and to determine the liability of the city under instructions as herein directed.

The motions for appeal are sustained, and the judgment in each case is reversed.