## Rawlings v. Clay Motor Co.

Sept. 30, 1941.

Wm. Lewis & Son for appellant.

Roy W. House for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

This appeal has been prosecuted from a judgment entered on a verdict for appellee, defendant below, rendered by direction of the court at the close of plaintiff's evidence.

The evidence discloses that Howard Bryant is an automobile mechanic, and, at the time of the accident complained of, was a resident of London, Kentucky, and an employee of the Clay Motor Company, a corporation, of Manchester, Kentucky. On Sunday, December 20, 1936, he drove from his home in London to his employer's garage in Manchester for the purpose of repairing his automobile. In the late afternoon he discovered that it would be necessary to secure certain parts before he could complete the work. It would seem that the nearest

place the parts could be purchased was London, and, since his car was partially torn down and the Manchester-London bus had already departed, he obtained permission from the manager of appellee to use the company's truck for the purpose of conveying him to his home in London, there to spend the night, to purchase the parts necessary for use in the repair of his automobile, and to return to Manchester to report for work on the following morning. On the road to London and at a place designated in the record as the foot of "Big Hill," Bryant met appellant who was traveling in the opposite direction. After a short conference they decided to drive to Manchester and obtain some liquor, whereupon Bryant parked the truck and rode to Manchester in appellant's automobile. They procured a half-pint of gin, which they drank, and, after spending a few minutes in Manchester, returned to the foot of "Big Hill." Bryant returned to the truck and appellant continued along the highway ahead of Bryant in the direction of London. About one-fourth of the way up "Big Hill" appellant stopped his car for the purpose of lowering the windows and while engaged in this performance the truck driven by Bryant overtook him and, in passing, struck the door of the car and inflicted serious injuries upon appellant.

Bryant testified that in traveling up the hill he encountered what he termed "a little rise there, and a dip on the hill up there, and I came to this dip, and the lights was up, and when the lights turned down on the road a car was in front of me, and I was so close on him after I saw him, I figured I could get around him to the left of him, and in going to this place between the edge of the bank and the car   *   *   *   evidently he started to get out of the car, so I struck the door of the car." He further testified that he was 50 to 75 feet from the Rawling's car when he discovered it parked on the road.

At that point the highway is about 25 feet wide and there was sufficient room for the truck to have safely passed to the left of the automobile. Bryant did not apply his brakes or make any other endeavor to stop. It appears from the evidence that the brakes were defective and the lights were not in good condition.

It is contended by appellant that he is entitled to have his case submitted to the jury on the theory (1) that he developed a prima facie case of agency by proof

of the facts that at the time of the accident Bryant was an employee of appellee and was driving a truck owned by it; (2) that if in error in this respect he was entitled to have the case submitted upon his showing that the truck owned by appellee and operated by its employee was defective as to brakes and lights and that fact was known to appellee, thus calling for application of the rule that where an injury is caused by reason of the fact that the vehicle is in a state of disrepair the owner is liable for such injuries notwithstanding the further fact that at the time of the accident the driver was on an errand of his own and not engaged in his employer's business.

It is well settled in this jurisdiction that proof that a person guilty of negligence is in the employ of the defendant, and, at the time of the accident, is driving his employer's truck raises the presumption that the employee at the time of the accident was engaged in the employer's business; and such presumption places upon the employer the burden of disproving the agency. Louisville Lozier Co. v. Sallee, 167 Ky. 499, 180 S. W. 841; Ashland Coca Cola Bottling Co. v. Ellison et al., 252 Ky. 172, 66 S. W. (2d) 52; Dennes v. Jefferson Meat Market, 228 Ky. 164, 14 S. W. (2d) 408. But, such presumption is overcome when it is met by uncontradicted and unimpeached evidence which disproves the presumption and which evidence is in harmony with the facts upon which the presumption is based. Home Laundry Co. v. Cook, 277 Ky. 8, 125 S. W. (2d) 763. In the above styled case the defendant introduced the evidence which met the presumption; but we see no distinction in that and the case at bar. Indeed, if any distinction is to be made, the fact that the evidence was introduced by the party seeking to invoke the rule would be more conclusive against him than if introduced by the adverse party and would thus relieve the adverse party of the burden of introducing evidence on that issue.

It is true that the character of evidence necessary to overcome the presumption raised by the aforesaid facts "must be of a conclusive or unimpeached character, or must be undisputed, clear and convincing, and that such presumption is not overcome as a matter of law by evidence presented on behalf of the defendant by interested witnesses, or by evidence which is of a suspicious nature, or is impeached to any extent, or by evi-

dence which is contradictory or reasonably subject to contradictory interpretations.'' Ashland Coca Cola Bottling Co. v. Ellison, supra [252 Ky. 172, 66 S. W. (2d) 54]; Home Laundry Co. v. Cook, supra; Blashfield's Cyclopedia of Automobile Law, page 1648.

The facts relied on to raise the presumption that Bryant was engaged in the business of appellee are that he was an employee of appellee and at the time of the accident was driving its truck and that the parts he purchased for his car were charged to appellee. These facts are in perfect harmony with the additional facts developed by appellant on this point, viz, that Bryant had been working for himself and not his employer on the day of the accident; that he was using the truck of his employer for the sole purpose of his own convenience and business and not in the performance of any of his duties of employment or upon any business for his employer and that the parts were purchased by him through his employer's account to enable him to obtain a dealer's discount. This evidence was developed in the testimony of Bryant, appellant's witness, and is conclusive, unimpeached, undisputed, clear, convincing, and not reasonably subject to contradictory interpretations. The evidence is of the character and possesses all the elements necessary to overcome the presumption as a matter of law. That being true, the presumption that Bryant was the agent of appellee at the time of the accident no longer exists in legal contemplation. It follows that appellant's contention in that respect is without merit.

We are of the opinion that appellant's second contention is equally without merit. It is unnecessary for us to determine the soundness of the rule appellant seeks to invoke in this contention because in our opinion it has no application to the facts presented by this record. If we were otherwise inclined to adopt the rule, it could not be invoked unless the defective condition be established as the proximate cause of the injuries. Negligence is not actionable unless it was the proximate cause of the injuries; and, unless it appears from the evidence or from the inferences reasonably to be deduced therefrom, that the injuries complained of resulted from the defective brakes or lights, appellant would not be entitled to have his case submitted to the jury under this contention. Knecht v. Buckshorn, 233

Ky. 329, 25 S. W. (2d) 727 and cases therein cited. Bryant testified the brakes and lights were defective, but his testimony further discloses that the brakes were not applied; therefore, their defective condition could not have been the proximate cause of the accident. The driver's fear of the defective condition of the brakes and his consequent refusal to apply them is too remote a cause to attach liability on the owner of the truck. The failure of the brakes on application must be shown to establish the fact that the defective condition was the proximate cause. Likewise it is shown by Bryant that, despite the dim lights on the truck, he saw the car as soon as it appeared in the line of his vision, which fact conclusively refutes the contention that defective lights could have contributed to the cause of the accident.

Since the judgment of the lower court conforms with the views herein expressed, it is affirmed.