## Lewis et al. v. Wood et al.

June 22, 1943.

B. J. Bethurum and J. C. Bird for appellants.

C. B. Upton and R. L. Pope for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from a judgment in favor of the appellees, plaintiffs below, in an action charging a breach of a 10 year lease to rent a filling station and restaurant. The appellant, J. Heber Lewis, was the lessee, and his mother, the other appellant, signed a guarantee for the performance of the contract. The appellees were to erect certain improvements on the leased property. The eleventh provision of the lease follows:

"It is hereby agreed that rental will not accrue until the following improvements are erected on the above property viz: One Combination Gasoline Service Station and Restaurant approximately twenty-four feet by fifty feet, one story frame building complete for occupancy except gasoline service station equipment and restaurant fixtures."

The appellees erected a building and notified Lewis it was ready for occupancy. He took possession of it and placed a tenant therein, though he said the building was not completed as provided in the lease. Lewis sought to cancel the lease after he had had possession of the property for some five months on the ground the building had not been completed in the manner agreed upon.

We are asked to reverse the judgment on the sole ground that the court should have defined the word "complete" as used in Section 11 of the contract. The appellants insist that ordinary jurymen would not understand the meaning of the word "complete" as applied to the building and finishing of a restaurant and filling station. They offered the following instruction which was refused:

"IV. The word 'complete,' as used in these instructions, means free from deficiency, entire, absolutely finished, with no part item or element lacking; perfect; consummated."

Their contention is based upon our rulings to the general effect that a court need not define for the jury terms or language when the meaning of them is commonly understood by the lay public, but that it should do so when they are understood only by persons versed in the subject matter in connection with which they are used. Aetna Life Ins. Co. v. Shemwell, 273 Ky. 264, 116 S. W. (2d) 328; Commonwealth Life Ins. Co. v. Ovesen, 257 Ky. 622, 78 S. W. (2d) 745; City of Bowling Green v. Peterson, 199 Ky. 311, 251 S. W. 187.

The appellees insist the word "complete" is a plain, simple, everyday word which is generally understood by the lay public, and that there is nothing technical about the expression, "A Combination Gasoline Service Station and Restaurant complete for occupancy save for gasoline service station equipment and restaurant fixtures." We believe the position of the appellees to be correct. There is nothing complex about the word "complete." It was not used in the contract in a manner which would confuse a person of ordinary intelligence. No such situation is presented as found in those cases where it has been held proper to define such terms as "ordinary care," "gross negligence," "partially disabled" and "totally disabled." Furthermore, we think the instructions are quite clear when viewed as a whole, and, when they are read together, they meet in a substantial manner the contention of the appellants. The first instruction told the jury that, if the appellees completed the restaurant building called for in the contract, and Lewis accepted it and thereafter breached the contract and the appellees were unable to secure another satisfactory tenant, there should be a finding in their favor. The second instruction dealt with the measure of dam-

ages. The third was based upon an alleged cancellation agreement. The fourth provided:

> "If you shall believe from the evidence that the plaintiff, Wood, failed to erect the improvement contemplated and mentioned in the written contract in whole or in some one or more substantial parts, on the Wood's property, then you will find for the defendant, Lewis."

The fifth was based upon Lewis's counterclaim. It told the jury they should find for him if they believed the building erected by Wood was "so incomplete or insufficient as a restaurant and service station building" that Lewis, after taking possession of it, if he did so, was unable to secure a satisfactory tenant for its occupancy. It is obvious that the fourth and fifth instructions defined to some extent what constituted a complete service station and restaurant.

Under the circumstances it is our conclusion that the judgment should be and it is affirmed.