## Hensley v. Golden.
## Sizemore v. Same.

October 1, 1946.

G. E. Reams and J. C. Baker for appellant Hensley.

J. Leonard Davis for appellant Sizemore.

Golden & Lay for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Reversing in part, affirming in part.

Lawrence Golden, by his father and next friend, recovered a joint judgment against Oscar Hensley and Arthur V. Sizemore in the amount of $2,500. They prosecute separate appeals upon the same record.

There is little, if any, dispute about the facts. Hensley owned and operated a grocery store in the City of Harlan, and at the time of the accident employed Sizemore as a clerk or assistant. On the day of the accident, April 3, 1944, Hensley instructed Sizemore to take a one-

ton GMC truck, owned by Hensley and used by him in connection with the operation of the store, and deliver some empty cartons to a fruit company in Harlan, then pick up five bags of hog feed for delivery to his farm at Baxter. Sizemore delivered the empty cartons, picked up the hog feed and proceeded on Highway 119 to the farm.

The only way to reach the farm from Harlan is to follow Highway 119 and turn off that highway to the right between a bridge and a railroad crossing. This turning off point is 1.3 miles from Hensley's store. Instead of turning off at this point and going to the farm, Sizemore drove down the highway with the intention of going to Loyal and then coming back to the farm. When he reached Loyal he saw the appellee Golden and three other boys standing on a corner. They were dressed in football uniforms and since Sizemore knew them he offered to take them to the practice field, which is about 1½ miles beyond Loyal. The corner where these boys were picked up is 1.8 miles beyond the road which leads to Hensley's farm.

Golden and two of his companions rode in the cab of the truck with Sizemore and the other on the running board. While continuing on Highway 119 toward the practice field, and at a point where the highway makes a 34 degree and 30 minute curve to the left, the truck ran off the highway to the right and into a rock cliff, which resulted in serious injuries to Golden.

The place where the accident occurred is 3.2 miles beyond the road which Sizemore should have used to reach the farm. Sizemore admits that this road is the only method of reaching the farm from Harlan, and that he was not on any business for Hensley at the time he picked up Golden and his companions, nor at the time of the accident. Hensley says that Sizemore had no business for him at any point beyond the place where he should have turned off to the farm. He also says that he knew nothing whatever about Sizemore's passengers; that Sizemore had no authority to offer any one a ride in the truck, and he had no knowledge or information that Sizemore had ever offered any one a ride while using his truck.

Golden was unable to recall any details of the acci-

dent, but, according to Sizemore, the truck was being driven between 35 and 40 miles per hour at the time he reached the curve where the accident occurred. He says that the brakes were applied just before the truck reached the curve but they did not hold, and when he was about halfway around the curve the right wheels ran off the hard surface, but about this time he either passed out or fainted and remembers nothing after that.

By independent testimony it is established that the truck had defective brakes, it being necessary to "pump" them in order to make them hold. Sizemore admits that he pushed the brake pedal to the floor but that the speed of the truck was not checked and that the accident happened so suddenly he did not have time to "pump" the brakes.

It appears from the evidence that Hensley drove this truck daily and he therefore knew the condition of its brakes.

Hensley urges that he was entitled to a peremptory instruction since his driver, Sizemore, was admittedly not engaged on his business and was not working within the scope of his employment at the time of the accident.

On the other hand, appellee contends that the judgment is proper because Hensley permitted the truck to be operated on the highway knowing that the brakes were defective, in violation of KRS 189.090. Stated briefly, his argument is that the proximate cause of the accident and resulting injuries was the negligence of Hensley in permitting the truck to be operated knowing of its defective brakes, and that the court properly submitted this theory to the jury.

KRS 189.090(1) provides:

"No one shall knowingly operate or permit to be operated on a highway a motor vehicle upon which the brakes are defective."

It has often been said that if the violation of a statute is the proximate cause of an injury there may be a recovery. Pirtle's Adm'x v. Hargis Bank & Trust Co., 241 Ky. 455, 44 S. W. 2d 541, and see 243 Ky. 752, 49 S. W. 2d 1002; Hackney v. Fordson Coal Co., 230 Ky. 362, 19 S. W. 2d 989; Turner v. Taylor's Adm'x, 262

Ky. 304, 90 S. W. 2d 73; Langston v. Kelly, 272 Ky. 109, 113 S. W. 2d 471.

None of these cases presents the same situation which we have here for consideration. The question presented to us is whether the rule that recovery may be had where the violation of a statute is the proximate cause of an injury, may be extended so as to create liability on a master for the negligence of his servant, who, at the time of the accident, was not engaged on his master's business. We have been directed to no authority which would support such an extension of this rule. The exact question was presented to this court in the case of Rawlings v. Clay Motor Co., 287 Ky. 604, 154 S. W. 2d 711, but there it was held that the proof did not show that the defective condition of the vehicle was the proximate cause of the accident and therefore the question was not decided.

It seems to us that a determination of the question under consideration must turn on the use of the word "knowingly" in the applicable statute. All the evidence shows that Hensley did not know, or have any reason to know, that his truck would be operated on the highway beyond the place where his driver should have turned off to get to his farm. Can it be said that Hensley knowingly permitted his truck, with its defective brakes, to be operated on the highway at the place where the accident occurred? We think not. It seems to us that such knowledge must necessarily be proved in order to place liability on the employer. It would hardly be contended that the owner of a vehicle with defective brakes would be held liable for injuries resulting from an accident which occurred because of the defective brakes and while the vehicle was being driven by a person who had stolen it from the owner's garage. Essentially there is little, if any, legal distinction between the assumed case and the one under consideration, and we think the circumstances compel us to absolve the owner of the truck from all liability under the well settled rule that the master may not be held liable for the negligent acts of his servant where the servant was not acting within the scope of his employment at the time of the accident. See Winslow v. Everson, 221 Ky. 430, 298 S. W. 1084; Model Laundry v. Collins, 241 Ky. 191, 43 S. W. 2d 693; Wells v. Combs, 251 Ky. 479, 65 S. W. 2d 468; Spencer's

Adm'r v. Fisel, 254 Ky. 503, 71 S. W. 2d 955; Galloway Motor Co. v. Huffman's Adm'r, 281 Ky. 841, 137 S. W. 2d 379, and other cases.

It follows, therefore, that the court should have sustained Hensley's motion for a peremptory instruction, and the case must be reversed as to him for proceedings consistent herewith.

The appellant Sizemore insists that the judgment should be reversed as to him—first, because the appellee was guilty of contributory negligence as a matter of law, and second, because the court erroneously instructed the jury.

In support of his first argument he contends that since Golden admitted he was familiar with the road, knew the curve on which the accident happened, and had knowledge of the alleged excessive speed at which the truck was proceeding, it was his duty to complain to the driver before the truck reached the curve, and having failed to do so, when having equal opportunity to see and appreciate the danger, he was guilty of such contributory negligence as would preclude a recovery.

We can not agree that the facts in this case are such as would place that duty on appellee, and we think the lower court properly overruled the motion for a peremptory instruction as to Sizemore. See New York Indemnity Co. v. Ewen, 221 Ky. 114, 298 S. W. 182.

Next, it is argued that the court's instruction as to the contributory negligence of Golden was erroneous and that the instruction offered by the appellant should have been given.

An examination of the record discloses that the court gave the usual general instruction as to contributory negligence. The instruction offered by appellant placed a duty upon the appellee to protest against the rate of speed at which the truck was being operated.

As we view the testimony it appears there is no evidence that Golden acquiesced in the negligence of Sizemore. There is no evidence that Golden knew of the defective brakes, and certainly that danger was not obvious to him.

We fail to find any evidence which shows that Gold-

en failed to exercise ordinary care for his own safety. Therefore, no instruction as to his contributory negligence was authorized, and certainly the instruction offered by Sizemore was properly refused. See Epperson v. Wright, 277 Ky. 205, 126 S. W. 2d 123, and cases cited therein.

The judgment as to Sizemore is affirmed.