## Hickman v. Strunk.

October 15, 1946.

Rehearing denied Dec. 13, 1946.

J. E. Stephens and Ben D. Smith for appellant.

C. B. Upton and R. L. Pope for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

The action is for injuries allegedly sustained by appellee as a result of the negligence of the servants of appellant. The trial resulted in a verdict in favor of appellee in the sum of Five Thousand Seven Hundred Fifty Dollars ($5,750), and judgment was entered accordingly. Many grounds are urged for reversal of the judgment; but, since on the first complaint we have concluded that appellant was entitled to have his motion for a peremptory instruction sustained, it is unnecessary to notice the other contentions.

On April 15, 1944, Louie Jones wrecked his automobile on the Yamacraw Hill Top road near Stearns, in McCreary County. He betook himself to a garage owned by his kinsman, Claude Porter, and engaged the latter to recover and repair the wreck. Porter did not own a wrecker, but appellant, Hickman, the owner of a garage across the street, did. Porter borrowed Hickman's wrecker, as he frequently had done in the past; and, being unable to spare more than one man because of other work, he borrowed one of Hickman's employees, Hubert Smith, to operate the wrecker, sending Hunter Matthews, one of his own regular employees, as a helper. Smith parked the wrecker on the side of the road at the scene of the accident, stretched a cable across the road and tied it to a stump, for the purpose of anchoring the wrecker for the work to be done. Shortly thereafter, Luther Bryant, driving a truck toward Stearns, ran into the cable, causing severe injuries to appellee, Smith Strunk, who was a guest in the truck. There was no one stationed along the road to warn passing vehicles of the obstruction caused by the cable; and it must be conceded that the injuries received by Strunk were caused by the gross negligence of Smith and Matthews, who appellee contends were the servants of Hickman, but who appellant contends were the servants of Porter.

Appellee relies upon a line of cases which hold that proof of ownership of an automobile causing injury or damage, coupled with proof that a regular employee of the owner was operating the vehicle at the time and place of the accident, raises the presumption that the employee was acting in the capacity of servant to the owner at that time and place, thus rendering the owner liable in damages for the negligence of the servant. Undoubtedly, that is the law in this jurisdiction. In Rawlings v. Clay Motor Co., 287 Ky. 604, 154 S. W. 2d 711, 712, we said:

"It is well settled in this jurisdiction that proof that a person guilty of negligence is in the employ of the defendant, and, at the time of the accident, is driving his employer's truck raises the presumption that the employee at the time of the accident was engaged in the employer's business; * * *."

To the same effect are Sharp v. Faulkner, 292 Ky. 179, 166 S. W. 2d 62; Webb v. Dixie-Ohio Express Co.,

Inc., 291 Ky. 692, 165 S. W. 2d 539, and cases therein cited. But such presumption may be overcome by proof that the employee of the owner was engaged in the exclusive service of another in performing the acts for which redress is sought; and when this fact is clearly established, the presumption is overcome, and it is the duty of the Court to direct a verdict in favor of the owner of the vehicle. In Huddy's Cyclopedia of Automobile Law, Vols. 7-8, Sec. 116, p. 297, it is said:

"Although the rule may be changed by statute, it is generally held that the owner of a motor vehicle may loan the machine to another person, and, while the latter uses it for his own purposes, the owner is not liable for the negligence of the driver. * * *."

This rule has been recognized in this jurisdiction. Bowen v. Gradison Const. Co., 236 Ky. 270, 32 S. W. 2d 1014; and Board of Common Council of Frankfort v. Hall, 227 Ky. 599, 13 S. W. 2d 755. In the Hall case, the Court said:

"The Andrews Asphalt Paving Company had no contract to do any work on Polsgrove and Dabney streets. Its only connection with that work was to allow the city the use of its tools, steam shovel and men. No charge was made for the use of the property, but the city was required to pay the actual wages of the men and the actual cost of operation and maintenance of the equipment. The paving company required the city to use its men on account of their special training in handling and taking care of the equipment. It was established by the evidence without contradiction that the city alone did the work, using the tools, equipment, and men of the paving company, under the arrangement stated. The city was in sole and exclusive charge of the work, and in like control of the men and machinery. The men were under the orders of the city, and it could begin and stop the work at will. Under such circumstances, the owner of the tools and machinery is not liable for damages arising from the acts of the city while using the appliances lent to it. * * *."

The evidence clearly shows that Hickman was not engaged to perform the work under contract with Jones, although he paid Smith for the time he spent in the service of Porter, and, at the time of the trial, had not been

reimbursed by either Porter or Jones. Jones was not directly liable to Hickman for the use of the wrecker or the operator. His contract was with Porter, upon whom rested the responsibility of completing the work. The mere fact that Porter has not compensated Hickman for the use of the wrecker, nor reimbursed him for Smith's wages, does not strengthen appellee's case; neither does the fact that Hickman, who operates an ambulance service, conveyed appellee to a doctor and paid the doctor for his examination of Strunk, alter the relationship between Hickman and Smith at the time the accident occurred. In short, Hickman's wrecker and the services of his employee were under bailment to Porter, who had the right to control both in the performance of the work he was undertaking when appellee was injured.

All other questions are reserved.

The judgment is reversed, for proceedings not inconsistent with this opinion.