## Hunt v. Lyons et al.

June 9, 1950.

Rehearing denied November 17, 1950.

R. C. Tartar, Judge.

Robert B. Bird, Murray L. Brown and Brown & Bird for appellant.

Pat Rankin and E. R. Denney for appellees.

CLAY, COMMISSIONER—Affirming.

This is an action for personal injuries and property damage arising out of a motor vehicle collision. The accident happened when appellees' employee negligently drove a truck into an automobile operated by appellant. The latter obtained a judgment against the employee, and the question of negligence is not presented. The only issue is whether or not the employee was acting within the scope of his employment at the time of the accident. The trial Court decided this question in the negative, and directed a verdict for appellee.

Appellees were partners engaged in the road constructing business. Shortly before Christmas in 1947 they had practically completed a concrete bridge or culvert in Rockcastle County. At that time the employee, LaFevers, was employed on an hourly basis as a truck driver. The superintendent on the job left for the holidays on the Sunday before Christmas, the latter falling on Thursday. He told LaFevers to look after the fires under the newly poured concrete, to use the company's truck for the purpose of transporting a motor to Lexington, and may also have instructed him to look after the equipment on the job. With respect to the fires, the employee was to contact the state road engineer, Mr. Riddle.

On Tuesday the employee used the company's truck to take the motor to Lexington which he was authorized to do. He was not specifically authorized to use it for any other purpose. Coming back from Lexington, the employee stopped at Richmond. There he became involved with liquor and women. He stayed up practically all night, and returned to his home in Mt. Vernon. He slept a while, then drove the truck to Brodhead. At Brodhead he located more liquor. After spending most of the afternoon there, and being temporarily under arrest at one time for drunkenness, he started back to Mt. Vernon. On this last trip he ran the truck into appellant's automobile.

The employee, as before noted, had no specific authority to use the company's truck on this trip to or

from Brodhead. It is appellant's contention that he was acting within the scope of his employment because of implied authority to so use it. This theory is based on the testimony of the employee that he had been instructed to look after the equipment on the job; that he was supposed to contact Mr. Riddle concerning the necessity for keeping fires under the bridge or culvert; that on Wednesday he wanted to talk with Mr. Riddle, and he had an idea the latter might be in Brodhead because his father lived there. It was for the alleged purpose of finding Mr. Riddle that the trip in the truck was taken.

There is no question but what this employee was in an advanced state of drunkenness on both Tuesday and Wednesday. It is possible that he may have suddenly been struck with the idea of going to Brodhead to see Mr. Riddle. The fact is, Mr. Riddle lived in Mt. Vernon, not far from the employee's residence there, but he could have been in Brodhead. The employee's testimony regarding his purpose of finding Mr. Riddle is not very convincing.

The evidence for appellees was that LaFevers was only instructed to look after the fires and use the truck for the trip to Lexington on Tuesday. According to the testimony of the superintendent, he was specifically instructed to put the truck in the garage after this use of it. Mr. Riddle testified he talked to LaFevers on Tuesday and advised him at that time that it would no longer be necessary to keep fires under the concrete. The employee confirms this conversation with the qualification that he was not to fire the salamanders any more "if it stayed warm." It appears from the evidence that the employee had a telephone and Mr. Riddle had a telephone and they had used this means of communication on an earlier date regarding the fires. Also it appears the employee made no particular effort to find Mr. Riddle in Mt. Vernon before taking the trip to Brodhead.

After carefully considering all of the evidence, we are convinced there was none of substance which would authorize a jury in finding the employee had any authority to use the truck on this occasion, or was acting within the scope of his employment in driving to or from Brodhead. In the first place, it was not necessary

for the employee to communicate with Mr. Riddle. In the second place, if there had been a valid reason to communicate with him, it was not reasonably necessary to use the truck for that purpose. In the third place, even if the employee had gone to Brodhead on the business of his employers, and could have been impliedly authorized to use the truck for this purpose, he abandoned such objective and was thereafter engaged in his purely personal pursuits.

The liability of an employer should not be extended to the point of making him an absolute insurer of his employee's activities. We would be forced to adopt such doctrine in this case if we held that the employee was acting within the scope of his employment simply because he had possession of the employer's truck while engaged in celebrating the Christmas holidays.

The trial Court properly directed the verdict for appellees.

The judgment is affirmed.