**LOONEY v. WILKERSON et al.**

Court of Appeals of Kentucky.

Sept. 25, 1951.

V. R. Bentley, Pikeville, for appellant.

J. A. Runyon, Pikeville, Davis, Boehl, Viser & Marcus and A. J. Deindoerfer, Louisville, for appellees.

STEWART, Justice.

On August 2, 1947, at about 9:00 p. m., while Junice Looney was operating his 1936 Plymouth sedan as a taxicab in a southerly direction on U. S. Highway 80, near Marrowbone in Pike county, Kentucky, he collided with a one-half ton Ford truck owned by Mamie Wilkerson and driven by Holly Compton. The truck had become disabled through mechanical trouble and it was parked on Looney's side of the road. It did not have any lights, flares or other signals set out to warn the traveling public of its condition, as required by KRS 189.070(2). The truck did turn on its headlights immediately before the accident, but the sudden glare from its lights had a blinding effect upon Looney who was already too near it to stop.

Looney sued Mrs. Wilkerson and Compton to recover $700 damages to his automobile and $300 for the loss of the use of the motor vehicle for 20 days. At the conclusion of the evidence for Looney, the trial court directed the jury to return a verdict for Mrs. Wilkerson. Looney appeals from the judgment dismissing his action as to Mrs. Wilkerson, contending that the use of her truck by Compton as her employee at the time of its collision with his taxicab gives rise to the presumption that Compton was engaged in her business and that proof of such use alone was sufficient to take the case to the jury.

Mrs. Wilkerson was called as a witness by Looney to testify as if under cross examination. A summary of the pertinent facts disclosed by her evidence shows that she was the owner of the truck involved in the wreck; that she was in sole control of the management of Hampton-Wilkerson Lumber Company, a corporation engaged

in the lumber business near Grundy, Virginia; that Compton had formerly worked for her but he had become an employee of the corporation about a month prior to the date of the accident on August 2, 1947; that the truck driver's duties were confined to hauling logs to the lumber company; that she had not authorized Compton or any one to drive the truck to Kentucky; and that she did not know the truck had been brought from Virginia to Kentucky on the occasion of the accident. No opposing proof was introduced by Looney to contradict the foregoing statements of Mrs. Wilkerson; therefore, Mrs. Wilkerson's testimony furnishes, for all practical purposes, the factual basis for the determination of the issue raised by Looney on this appeal.

In Rawlings v. Clay Motor Company, 287 Ky. 604, 154 S.W.2d 711, we held that it is well settled in this jurisdiction that proof that a person guilty of negligence was in the employ of the owner of the motor vehicle, which he was driving at the time of the accident for his employer, raises the presumption that the employee at the time of the accident was engaged in the employer's business; and that such presumption places upon the employer the burden of disproving the agency. See also Home Laundry Co. v. Cook, 277 Ky. 8, 125 S.W.2d 763, and Dennes v. Jefferson Meat Market, Inc., 228 Ky. 164, 14 S.W.2d 408.

In the case at bar, it cannot be said that even the minimum conditions required by the Rawlings opinion and the other decisions cited to establish a prima facie case against Mrs. Wilkerson have been met.

Although Compton was driving a truck owned by Mrs. Wilkerson, it is undisputed that he was in the employ of the lumber company at the time of the accident. Proof is absolutely lacking, we might also add, that the employee was driving the truck with the authority, express or implied, of the owner or even the lumber company and therefore presumably upon the business of either of the latter. Indeed, it is our belief that the evidence introduced by Looney in an effort to place blame upon Mrs. Wilkerson for the accident is so conclusive against him that Mrs. Wilkerson was relieved of the necessity of producing any proof in her behalf.

To sustain his contention, appellant cites and relies upon Huber & Huber Motor Express v. Martin's Adm'r, 265 Ky. 228, 96 S.W.2d 595, and Webb v. Dixie-Ohio Express Co., Inc., 291 Ky. 692, 165 S.W.2d 539. These are decisions affecting contract carriers operating over a prescribed route covered by their franchise. As pointed out, particularly in the Webb case, the rule is different as to a truck employed regularly over designated highways from that applying to commercial vehicles generally. It is also argued by Looney that if it is doubtful whether a servant in injuring another was acting within the scope of his authority the uncertainty should be resolved by submitting the question of agency to the jury. We accept this rule as a valid one but we are convinced the facts herein completely fail to create such a doubt, as we have already explained.

Wherefore, the judgment is affirmed.