## CITY OF ELIZABETHTOWN v. CASWELL.

Court of Appeals of Kentucky.

Oct. 9, 1953.

Floyd K. Hollan, Elizabethtown, for appellant.

Faurest & Montgomery, Elizabethtown, for appellee.

MOREMEN, Justice.

This appeal presents a record wherein appellee, Clint Caswell, recovered a judgment entered upon a verdict in the sum of $4000 against appellant, City of Elizabethtown, which herein will be called City.

The facts are these: Representatives and officers of City negotiated with appellee

for the purpose of obtaining a sewage line right-of-way across his land. Appellee was told that the pipe was to be placed below plow depth and the only interference with the cultivation of his land, after the pipe line was laid, would be from several manholes which would extend four or five feet above ground level. Appellee relied upon this statement, and thereafter, with his wife, executed a deed of easement to a strip of land which traversed his farm. The consideration was $1000. The strip's dimension was 1451 feet by 20 feet. The deed conveyed "an easement or right-of-way for sewer line through, over and across the real estate hereinafter described, with the right and privilege to construct, repair, renew, operate and maintain a sewer line with all the necessary manholes and with the right of ingress and egress at all times * * *," and contained this clause: "The said party of the second part (city) by its acceptance of this conveyance agrees and binds itself, its successors and assigns to pay to the parties of the first part all damages that may be caused by the negligent construction, operation and maintenance of said sewer line and to pay all damages caused to fences, livestock, growing crops or other property, provided notice in writing is given to second party within six months after such damages occur, and the parties of the first part reserve to themselves, their successors in title, the right to cultivate and pasture the land embraced in said right-of-way and to otherwise enjoy the use and occupancy thereof as they and their successors in title may desire." The pipe line was laid in such a way that the first section of 432 feet was "back to its original ground." The next 90 foot section extended 6 inches above the original ground level. The succeeding 372 foot segment was 8 inches above ground and the final 602 feet of pipe were encased in concrete and protruded from 2 to 8 inches from the level of the original terrain. This protuberance not only rendered it impossible to plow the land in this vicinity, but also obstructed the natural flow of water with the result that a portion of the land failed to drain properly and diminished in value. Appellee filed a petition for damages resulting

from misrepresentations made to induce him to execute the deed of easement. After trial, the above mentioned judgment was entered.

Appellant assigns as error: (a) the appellee was bound by the written conveyance which gave a right-of-way "through, over and across" the real estate, because all conversations and statements made by agents and officials of City and by appellee were merged into contract of deed, and the parties are bound solely by its written terms; (b) the trial court should have defined the term "market value" as used in the instruction; and (c) the verdict was excessive.

█ We are not convinced that the written deed gives to City, by explicit language, the right to lay the pipe line itself "over" the land. If the deed had stated simply that the conduit might be placed above surface level of the land, the question of merger of prior statements and agreements might properly arise. The deed grants an easement or right-of-way for sewer line "through, over and across the real estate hereinafter described, with right and privilege to construct, repair, renew, operate and maintain a sewer line with all necessary manholes and with the right of ingress and egress at all times for the purpose of repairing, renewing and maintaining said sewer line * * *." It is necessary to go "over" the right-of-way in order to construct, repair, renew, operate and maintain the sewer line, and we believe it is more consonant with sound reasoning to say that the word was inserted in connection with those privileges than to interpret it to mean that the sewer pipe itself could properly be laid on top of the ground.

█ In any event, the argument that all prior statements and agreements were merged into the language of the written deed overlooks the fact that here we are concerned with deceit and fraud in connection with the inducements offered in order to obtain the easement. In Adams v. Fada Realty Co., 305 Ky. 195, 202 S.W. 2d 439, it is held that where negotiations

for the purchase of real estate are consummated by the execution and delivery of the deed, the transaction, so far as it rests in the contract, is merged in the writing; but false and fraudulent representations made by the vendor to induce the purchaser to enter into the contract are not merged in the written terms of the deed. We see no reason why this rule should not be equally applicable to a vendee when the fraudulent promise is a part of the consideration.

Appellant cites Jameison v. City of Paducah, 195 Ky. 71, 241 S.W. 327, as authority for the rule that persons dealing with a municipal corporation are bound, at their peril, to know that contracts made by the officers of such corporation are executed in the mode pointed out by its charter and ordinances and if such persons fail to inform themselves as to whether the official has power to contract, they must suffer the consequences. But in said case, the sole question concerned the authority of the person who undertook to make the contract on behalf of the city. The question of conversations and agreements made in order to induce the signing of the contract, by a person who was authorized to act for the city in the negotiations, was not presented.

Ordinarily, an action based upon deceit and misrepresentation sounds in tort. In a great many cases a municipal corporation, when acting for the purpose of preserving the peace, in the interest of public health, and in enforcement of laws for the safety of the public is acting in governmental capacity and, therefore, is clothed with immunity of the general rule that a municipality is not liable for torts of its officers or agents. But this immunity from liability is subject to a number of exceptions, one of them being that which was pointed out by Hon. Shackelford Miller in Cleveland Wrecking Co. v. Struck Construction Co., D.C., 41 F.Supp. 70, 76, wherein he said:

"The Courts have drawn a distinction between torts resulting in personal injuries and torts causing injury to property rights, imposing liability in the latter cases even though the acts were done in the performance of public duties. Board of Park Commissioners v. Prinz, supra, 127 Ky. [460], at page 471, 105 S.W. 948; Board of [Common] Council, Frankfort v. Hall, 227 Ky. 599, 13 S.W.2d 755; Hauns v. Central Kentucky [Lunatic] Asylum, 103 Ky. 562, 45 S.W. 890. This distinction is particularly well taken in cases where property rights are violated by express authority of the municipal government, or the doing of the act is subsequently ratified, and the city retains and enjoys the benefits resulting therefrom."

We believe that a municipality, when it undertakes to contract in the manner of private corporations and persons, should be held to the same rigid code of ethics that applies to them.

Appellant next insists that the court failed to define "market value," as pointed out in the instructions. The term, market value, is in common use and we believe it is not such a technical term as requires specific definition. Lewis v. Wood, 295 Ky. 134, 173 S.W.2d 983.

We find no substance in appellant's contention that the amount of damage is so excessive as to strike the mind at first blush that it was given under the influence of passion and prejudice. Several competent witnesses placed the value at a greater amount than the sum recovered and we believe the verdict is sufficiently supported by said testimony.

We have found no substantial error in the record and the judgment is, therefore, affirmed.