**HIGGANS**

v.

**DESKINS et al. (two cases).**

Court of Appeals of Kentucky.

Dec. 18, 1953.

F. Dale Burke and Walter Young, Pikeville, for appellant.

Henry D. Stratton and P. B. Stratton, Pikeville, for appellees.

STANLEY, Commissioner.

The appellants, husband and wife, were injured in a collision of their automobile with a truck owned by the appellee, Boone Deskins, and driven by Paul Smith. On the joint trial of their respective suits for damages, the court directed a verdict for the defendant on the ground of insufficient evidence that Smith was driving the truck within the scope of his employment or as the defendant's agent.

The accident occurred about 6 o'clock on a Sunday afternoon in November, 1950. The plaintiffs depended on the testimony of the truck driver, Paul Smith, to impose liability on the defendant owner. Smith was about 15 years old and worked as a laborer for the defendant at his sawmill and lived in his home. He was paid $5 a day and board for his service. On the day of the accident, Paul, as a volunteer, had helped Deskins load some corn in the truck. We state his further testimony as it pertains to the point in issue. They came in the truck to the sawmill for the purpose of changing the oil in the motor. While there, the boy's mother drove up and, as it was raining, Deskins and Paul got in the car with her. Deskins said he had to go down to the store at Zebulon, about a mile eastwardly, to get some "lamp oil." Paul asked that he let him go get it, and Deskins gave him the key to the truck, and he went there. The "lamp oil" was kerosene to be used in flushing out the motor before putting in the lubricating oil. The boy got

the kerosene, and had it charged to Deskins. There is no corroboration. He returned to the sawmill. Along the way he picked up three other boys. Neither Deskins nor Paul's mother was anywhere around the mill when he got back. He stayed there, perhaps a half hour, and then started in the truck to Deskins' home where, as noted, the boy also lived. Paul testified that it was not for the purpose of taking the kerosene there but it was because, "I wanted to go wash and clean up" as "I was going to town that night." The collision occurred on the way, about three miles west of Deskins' house, which was eight miles from his sawmill. Paul testified he had previously driven the truck 7 or 8 times while at work. He had never driven it or any other car of the defendant in going to and from his boarding house (Deskins' home), but had "bummed" his way or got there as best he could.

Smith made an affidavit about a week after the accident, prepared by Deskins' attorney, to the effect that he had taken the truck at the sawmill without Deskins' knowledge or consent and had never been given permission to drive it or any other truck belonging to Deskins at any time. This, of course, only went to affect his credibility.

The plaintiffs called the defendant to testify as on cross-examination. In particular point, he testified the boy did not work for him on Sundays; that he had not run the errand described or been asked to do so; and that he took the truck without his consent or knowledge.

The court reserved a ruling on the defendant's motion for a peremptory instruction until all the evidence had been heard, and then sustained a renewed motion.

The defendant only testified briefly in his own behalf, having been fully examined on his introduction by the plaintiffs. Two other witnesses, who were at the sawmill that afternoon, testified positively that the key was in the ignition of the truck; that Deskins was not around the mill that afternoon; and that the boy had driven away in the truck against their remonstrance.

■ Upon a motion of a defendant for a directed verdict, the question for the trial court, in the first instance, and this court on review, is whether there is enough probative evidence to sustain a verdict should the jury find for the plaintiff. In the present case, the question is narrowed to whether the essential element of agency is lacking in proof. In considering the question, legal presumptions and burden of proof must be brought to bear.

■ In general, the plaintiff has the burden of proving both the employment of the driver of an automobile causing injury and his operation of it in furtherance of his employer's interest or within the scope of his agency when the accident occurred. Spencer's Adm'r v. Fisel, 254 Ky. 503, 71 S.W.2d 955. However, in this jurisdiction (though not in some others) proof of ownership, coupled with evidence of employment, creates a presumption of responsible agency which requires the defendant to take up the burden of evidence and rebut the presumption.

This rule of practice rests on the view that ownership of an automobile implies the right of possession and control, and the evidence essential to the determination of the question is peculiarly within the owner's knowledge. He knows whether the machine was being operated by his employee or agent so as to render the owner liable under the doctrine of respondeat superior, while a person injured by the negligence of the driver ordinarily cannot know and may find it impossible to prove that he was acting for the owner within the range of the employee's duty or authority. Webb v. Dixie-Ohio Express Co., 291 Ky. 692, 165 S.W.2d 539. The rule is fully stated in Home Laundry Co. v. Cook, 277 Ky. 8, 125 S.W.2d 763 and Hickman v. Strunk, 303 Ky. 397, 197 S.W. 2d 442.

■ Every case must be decided on its own facts, but apt precedents are helpful

in applying general rules. In Horne v. Hall, Ky., 246 S.W.2d 441, after his working hours, a regular driver of his employer's truck had an accident on a trip which was not within the scope of his duties and was made without the employer's knowledge or consent. We held as a matter of law that the employer was not liable for his employee's negligence on such trip even though it may have remotely benefited the employer. The same conclusion was reached under like circumstances in Sharp v. Faulkner, 292 Ky. 179, 166 S.W.2d 62 and Niceley's Adm'x v. Mattox, Ky., 242 S.W. 2d 608. A case with similar features is Zumwalt v. Harper, 309 Ky. 723, 218 S.W. 2d 955, in which it was shown that after an employee had completed a trip for his employer, he drove beyond his employer's home to another place to accommodate a third person without the employer's knowledge or consent. We held that on this extended trip the driver was engaged in a voluntary enterprise of his own for which his employer was not liable. Also of close similarity is Wells v. Combs, 251 Ky. 479, 65 S.W.2d 468. In Looney v. Wilkerson, Ky., 242 S.W.2d 637, the plaintiff had called the defendant as a witness in his behalf and proved by her that the driver was using the automobile on the occasion of the accident outside the scope of his duties and without her consent or knowledge; hence, a directed verdict for the defendant was proper. See also Hensley v. Golden, 302 Ky. 856, 196 S.W.2d 739; Hunt v. Lyons, 313 Ky. 724, 233 S.W.2d 398.

In the present cases, some of the driver's testimony tends to show that upon his return from the store with the kerosene he had expected to find Deskins there and to help him change the lubricating oil in the motor and that since he had left the mill he supposed Deskins wanted him to drive the truck to his home. But these indefinite circumstances, which afford a weak presumption of authority, were met and overcome by the positive testimony of the defendant introduced by the plaintiffs as a witness. Indeed, the plaintiffs themselves proved by the driver of the truck that on this Sunday afternoon he was not engaged in any way or in any kind of service connected with his general employment at the sawmill; that he fetched the kerosene for his employer as a favor and as his agent for the special purpose. But the accident did not happen during that journey. The mission had been ended. When the accident occurred, the boy was on his way to his temporary home, which happened to be the home of his employer, for his own purposes.

■ It may not be said that Paul Smith, as a boarder, was a member of the defendant's family so as to bring the case within the family purpose doctrine. 60 C.J.S. Motor Vehicles, § 433(d); 5 Am.Jur., Automobiles, Sec. 372.

■■ The question seems to be resolved into whether it could reasonably be regarded as an implied consent or perhaps implied authority to use the truck to go to Deskins' home with the kerosene. We see no reasonable basis for implication of consent. There is no evidence that Deskins had expected the boy to bring the truck to his home. It was not his custom to drive the truck in going to and from his boarding house or anywhere else; in fact, he had never done so before this occasion. Cf. Livingston v. Fields, 311 Ky. 714, 225 S.W. 2d 317. Even so, an owner who merely loans his car to another person, though it be his employee, is not liable for his negligence while the borrower is using it for his own purpose. Packard-Louisville Motor Co. v. O'Neal, 248 Ky. 438, 58 S.W.2d 630; Hickman v. Strunk, 303 Ky. 397, 197 S.W.2d 442; Huddy's Cyclopedia of Automobile Law, Vol. 7–8, Sec. 116, p. 297; 60 C.J.S., Motor Vehicles, § 439.

We conclude the direction of a verdict for the defendant was proper. The respective judgments are accordingly affirmed.