Clarence Lopez and J. W. Jones, Louisville, for appellant.

Leon Seidman, Louisville, for appellees.

## TOWN OF JEFFERSONTOWN

v.

## HOLLOWAY et al.

Court of Appeals of Kentucky.

June 25, 1954.

COMBS, Justice.

Holloway & Son, a partnership, filed this suit against the Town of Jeffersontown, which at the time this controversy arose was a municipal corporation of the sixth class, to recover $3,991.41 alleged to be due under a contract for the improvement of two streets within the town. At the conclusion of the testimony the trial court directed a verdict in favor of the contractors for the amount prayed. The Town has appealed.

The Town contends that the contract under which the work was done is void because it was not let in conformity with the provisions of Chapter 165, Acts of 1950. The contractors contend, among other things, that the provisions of Chapter 165, apply only to original construction or substantial reconstruction, and do not apply

here since the work done was merely repair or maintenance which the City was authorized to have done under KRS 94.325(2). That section reads:

"(2) The city legislative body may cause any work it deems necessary to be done with respect to the repair and maintenance of public ways, water lines, sewer lines and sewerage systems."

■ Whether the work done was merely repair or was original construction or substantial reconstruction within the meaning of Chapter 165 is open to doubt; but under the circumstances we do not consider it necessary to decide that question. It is apparent that both the Town and the contractors treated this work merely as repair or maintenance. The Town in all its official references to the work referred to it as repair. In the resolution which authorized the employment of an engineer to draw plans and specifications, the work was referred to as repair. In the motion directing advertisement for bids, the work was referred to as repair. When the bids were opened, the work was referred to in the council's minutes as repair. Under these circumstances, we think the Town is estopped to deny that the work was not repair within the meaning of the statute. Masonic Widows' & Orphans Home v. City of Corbin, 229 Ky. 375, 17 S.W.2d 215; City of Elizabethtown v. Caswell, Ky., 261 S.W.2d 424.

It should be noted that the cost of this work was to be paid out of the general fund and no assessment was made against abutting property owners. We might have had a different question if there had been an assessment against abutting property and the complaining party was an aggrieved property owner.

■ The Town also contends that its liability under the contract was limited to $5,967.80. The contract was awarded on a unit price basis. A bidding schedule prepared by the Town's engineer for the benefit of prospective bidders contained this clause: "It is understood and agreed that the aforesaid quantities to be paid for on a unit price basis and are approximate only and are assumed solely for the purpose of comparison of bids, and to determine the maximum funds required and it is also understood these items are to be adjusted for final payment to the actual quantities installed."

The contract executed by the parties contains a provision which was inserted in ink and reads: "It is agreed by both parties of the first part and the party of the second part, for mutual consideration, that should any units be eliminated or added, to the contract, that such costs will be reduced or added prorated with the unit cost of the above contract." The contract is dated September 6, 1951, and Pete Holloway, one of the contractors, testified that the paragraph quoted last above was added the night of the meeting of the Board of Trustees on September 4, 1951; also that the contract was approved at that time and was signed by him and by James Bowles, Chairman of the Board of Trustees, the following morning.

The minutes of the meeting of the Board of Trustees of September 4, 1951, set out that the contract to plaintiffs was let "for $5,967.80." When the minutes were read for adoption at the next meeting, which was on October 1, 1951, they were changed so as to read: "Not to exceed $5,967.80." We note, however, that before the Board of Trustees, on October 1, placed the limit on the amount to be paid under the contract, the contractors had already commenced work on the project under the contract dated September 5. Under these circumstances, the action of the Board of Trustees on October 1 cannot be given retroactive effect so as to prejudice the rights which had accrued to the contractors under the contract of September 5.

It might be added in conclusion that the amount claimed by the contractors is based on the final estimate of the Town's engineer, and there is no contention that the work was not done according to specification.

The judgment is affirmed.