**Charles ALLEN, Appellant,**

v.

**Hester MINIX, Appellee.**

Court of Appeals of Kentucky.

June 16, 1961.

Rehearing Denied Nov. 3, 1961.

J. K. Wells, Paintsville, for appellant.

Earl Cooper, Salyersville, for appellee.

MILLIKEN, Judge.

This is an appeal from a judgment of the Magoffin Circuit Court granting $9,000 damages to Hester Minix, appellee, for injuries received while riding as a passenger in an automobile owned by Charles Allen, appellant, and driven by Jean Minix, sister of appellee.

On May 14, 1957, the appellee, Hester, age thirty-five, desired to go from her home at Royalton, Kentucky, to West Liberty, a distance of thirty miles, to see a doctor. Her friend, Charles Allen, appellant (who later married appellee), allowed her to use his car, and Allen asked Hester's sister, Jean Minix, aged seventeen, to do the driving. Allen knew that the women intended to visit another sister while in West Liberty. Hester paid Allen $4. He bought $2 worth of gasoline for the car and gave Jean Minix $2 to driver Hester because he could not go on the trip with the two women. Although he had no taxicab license, Allen had on a few other occasions transported people for hire, but had always driven the

car himself. There was only one licensed taxicab in the community.

When the sisters arrived in West Liberty, the doctor's office was crowded and they decided to visit another sister who lived a few miles out of town. It was raining and the blacktop road was slippery. When Jean leaned over to tune in the radio, the car began to skid. It slid across the highway. Hester was severely injured in the back. She was treated by Dr. W. K. Massie, an orthopedist in Lexington, as well as by local physicians. She must wear a back brace and is unable to perform any work except light housework.

Allen contends that Hester was the bailee of his car and that he, as owner, in the absence of a showing of agency, is not liable for the negligence of the bailed automobile. He cites Packard-Louisville Motor Company v. O'Neal, 248 Ky. 438, 58 S.W.2d 630; Wolford v. Scott Nickels Bus Company, Ky., 257 S.W.2d 594.

Appellant further contends that even if Jean Minix is considered to be his employee, he is still not liable, because she was under the control of Hester, the bailee of the car. Hickman v. Strunk, 303 Ky. 397, 197 S.W. 2d 442; Tindall v. Perry, Ky., 283 S.W.2d 700.

Hester's theory is that Allen had hired his car to her and furnished a driver to take her to West Liberty, that she had no authority over the automobile or the driver other than to tell the driver where she wanted to go. Appellee cites 7–8 Huddy, Automobile Law, Sec. 120, p. 305:

"When an automobile is hired and a chauffeur is also furnished by the owner, in whose employ he is and by whom he is paid, and the hirer has no authority over him except to direct him where he wishes to go, the chauffeur is considered the servant of the owner; and the owner, not the hirer, is responsible for his acts of negligence. The principle involved is the same as if the owner of the machine were letting a

horse and carriage together with his driver for the hire of another. The fact that the owner only occasionally lets automobiles for hire is not important, for the rule does not depend on the frequency with which the act is done."

See, also, Bowen v. Gradison Construction Company, 236 Ky. 270, 32 S.W.2d 1014; Wilhelmi v. Berns, 274 Ky. 618, 119 S.W.2d 625; Gerretson v. Rambler Garage Company, 149 Wis. 528, 136 N.W. 186, 40 L.R. A.,N.S., 457.

 There are no instructions in the record, but no question is raised about them by the appellant. We must assume therefore that the issues were properly submitted and that the jury concluded that Allen had supplied both the car and the driver to Hester for the $4 consideration. No question is raised about the amount of the judgment.

The judgment is affirmed.