**FORD & SON PAVING CONTRACTORS, INC., Appellant,**

v.

**Golda PROFFITT et al., Appellees.**

Court of Appeals of Kentucky.

April 21, 1967.

Henry H. Dickinson, Richardson, Barrickman & Dickinson, Glasgow, Paul Carter, Abe Carter, Tompkinsville, for appellant.

Robert C. Carter, Glasgow, for appellees.

OSBORNE, Judge.

Appellants are road contractors. In May of 1963, they were constructing a portion of the Nobob Road in Barren County, Kentucky. They were operating several dump trucks over the road, the surface of which was white rock covered with oil. The weather apparently was warm and, as the trucks traveled over the road, the sticky oil on the loose rocks caused considerable commotion and noise from the flying rock. According to the testimony, the road had been oiled only a few days before the hauling of the rock started and at the time was "pretty sloppy." Appellants' trucks were all red and there were about ten of them on the job at the time of the accident.

Appellee lived on the Nobob Road with her husband and had a row of flowers up and down a fence near the road. On the day of the accident, she had gone down to the road and was cutting weeds out of the old fence. She heard a truck coming and "raised up and was standing and looking" and, according to her, "I must have twisted

my head kinda that way looking at him and something hit me on the neck. It was a rock I thought and it almost knocked me unconscious and almost knocked me down."

After appellee was struck by the rock, she went around to the rear of the house where she met her husband. He noticed that her neck was bleeding and took her into the house, washed the blood off, and bandaged it. He testified he "fixed her neck up and after we got our chores done, I took her to Tompkinsville to the hospital." Appellee had complications with the injury, in that scar tissue involved a nerve, the treatment of which involved considerable medical expense. She brought suit against appellants in the Barren Circuit Court and recovered judgment in the amount of $7517.14. From the judgment, this appeal is taken.

Appellants present three grounds for reversal of the judgment. 1. The court should have sustained a motion for a directed verdict because there was no probative evidence that the truck which threw the rock belonged to appellant. 2. There was no evidence that the driver of the truck was negligent in its operation at the time the rock was thrown. 3. Error in the instructions given the jury by the trial court.

■ The controversy surrounding the ownership of the trucks was brought about by the fact that appellant, Bishop L. Ford, testified on a pre-trial deposition taken for the purpose of discovery that he and his father were the sole owners of the trucks operating on the Nobob Road on the day in question. He further testified he had the contract for the construction of the road and there were no subcontractors or other contractors working on the road at that time. Upon the trial of the case, he testified he was not the owner of the trucks in question. He stated he had leased the trucks prior to the accident and he was mistaken as to their ownership at the time he gave his deposition. Appellant insists in his brief that the trial court should have accepted this explanation as to the ownership of the trucks and should have

directed a verdict for him. We do not accept this contention. Where a party to a law suit gives conflicting testimony, the court is not bound to accept either version but is bound to submit the matter to the jury who may accept the version of the testimony it deems fit. Schaible v. Uhl, Ky., 343 S.W.2d 578.

■ Higgans v. Deskins, Ky., 263 S.W. 2d 108, 52 A.L.R.2d 346, and Coleman v. Blackburn, Ky., 265 S.W.2d 781, cited by appellant, stand for the proposition that proof of ownership of a vehicle coupled with the evidence of employment of the person driving, authorizes a finding of agency. There is no authority for the proposition which appellant insists the court should have followed. Here the owner admitted all necessary facts in his statement on the pre-trial deposition.

The second question which appellants raise is more difficult. We have previously held in Randall v. Shelton, Ky., 293 S.W.2d 559, a case with facts very similar to this, that one standing alongside a road struck by a stone from the wheels of a truck could not recover in the absence of a showing of negligence upon the part of the driver of the truck. In that case, we said: "All that was shown was that a rock was thrown from the wheels of the truck * * * We cannot find any substantial evidence of negligence, and as will be discussed later in this opinion, the doctrine of res ipsa loquitur does not apply. See Bowling Green-Hopkinsville Bus Co. v. Edwards, 248 Ky. 684, 59 S.W.2d 584." In the instant case there is evidence of excessive speed over a roadway consisting of loose rocks covered with a sticky substance. This fact distinguishes it from the Randall case, supra.

Appellant's husband, when asked what the speed of the truck was, testified, "Well, that truck that come through there and throwed the rock and hit her, it was driving around 60 or 65 miles an hour. It was the last truck that unloaded that evening, or I never seen nary another one pass after that." Ap-

pellant, herself, testified that she was standing near the road with a butcher knife in her hand and had been cutting weeds out of the fence. When the truck came by, she was struck in the neck by a sharp rock approximately the size of a hen egg and when asked how fast the truck was traveling, she said: "It was at least going 60, maybe more."

■ We are of the opinion that the evidence concerning the speed of the truck when considered with the condition of the surface of the road, is sufficient evidence for the jury to conclude that the truck in question was being operated in a negligent manner.

It is stated in 8 Am.Jur.2d 243, Automobiles, § 691, that:

"The negligence usually consists of excessive speed at which the motor vehicle was traveling upon a road covered with the loose gravel or stones."

Appellant's third contention is error in the instructions. We are of the opinion that they fairly and adequately presented the issues involved to the jury.

The judgment is affirmed.

All concur.