**418** TISDALE ET AL. (Receivers) vs. CIRCUIT JUDGE (Wayne), No. 11722.

To compel the circuit judge to vacate an order granting leave to bring replevin against receiver.

Denied January 14, 1891, with costs.

The bill was filed November 28, 1890, by creditors, secured by chattel mortgage, against the mortgagors, and on the same day the solicitors for both mortgagors appeared before the court, and consented to the appointment of receivers, the court stating that such appointment was made with the understanding that it should in no way operate to the prejudice of unsecured creditors, and was not to be used to impound the property or to prevent third parties from obtaining orders granting leave to bring such actions as the court might deem such parties entitled to institute.

The contention of relators was, that it appeared from the petition that the plaintiff in the replevin suit was not entitled to bring the action.

**419** TOWNSEND ET AL. vs. CIRCUIT JUDGE (Cass), 39 M., 407.

To vacate orders requiring a garnishee to surrender to a receiver certain notes, left with him for collection by one of the principal defendants, and to pay the receiver all sums actually collected thereon, where the garnishee disclosure does not show that the notes belonged to the defendants or either of them.

Granted October 22, 1878.

**420** CITIZENS' COMMERCIAL & SAVINGS BANK vs. CIRCUIT JUDGE (Bay), No. 15694; 68 N. W., 649; 3 D. L. N., 520.

To vacate an order setting aside an order granting leave to garnish a receiver.

Denied October 20, 1896, with costs.

Held, that the court, in its discretion, could grant leave, and when, in its judgment, leave was improvidently granted, it might vacate the order granting leave.