CORRIE LAZARUS v. BLUE RIDGE GROCERY COMPANY.

(Filed 23 December, 1931.)

**Master and Servant D b—Evidence in this action against employer for damages caused by employee's negligent driving of truck held sufficient for jury.**

Where, in an action against an employer, the plaintiff's evidence tends to show that he was injured by the negligent driving of the defendant's truck used exclusively in the defendant's business, and that the truck was driven by an employee of the defendant who was regularly employed for that purpose and who had taken the truck from defendant's place of

business under the defendant's express orders, *Held:* the evidence is sufficient to make out a prima facie case and should be submitted to the jury, and defendant's evidence that the driver had deviated from his route and was returning thereto at the time of the injury is insufficient to bar a recovery as a matter of law.

APPEAL by defendant from *Stack, J.,* at August Term, 1931, of BUNCOMBE. Affirmed.

This is an action to recover damages for personal injuries resulting from a collision on a street in the city of Asheville, between an automobile in which plaintiff was riding as a guest of the owner who was driving the automobile, and a truck owned by the defendant and driven by one of its employees. The collision was caused by the negligence of the driver of the truck.

Defendant denied liability on the ground that its employee, the driver of the truck, was not acting within the scope of his employment at the time of the collision. It alleged that the driver had deviated from the route over which it was his duty as an employee of defendant to drive the truck, and was engaged in his own business and not that of defendant, at the time of the collision which resulted in the injuries to the plaintiff.

The action was begun and tried in the General County Court of Buncombe County. At the trial, there was judgment dismissing the action, at the close of the evidence, as upon nonsuit. From this judgment, plaintiff appealed to the Superior Court of Buncombe County, assigning as error the action of the court in allowing defendant's motion for judgment as of nonsuit.

At the hearing of the appeal in the Superior Court, plaintiff's assignment of error was sustained. From judgment setting aside and vacating the judgment of the general county court, and remanding the action to said court for a new trial, defendant appealed to the Supreme Court.

*Bourne, Parker, Arledge & DuBose for plaintiff.*
*Merrimon, Adams & Adams for defendant.*

PER CURIAM. There is no error in the judgment of the Superior Court in this action, reversing the judgment of the general county court, by which the action was dismissed, at the close of the evidence, as of nonsuit.

There was evidence at the trial in the general county court tending to show that plaintiff was injured by the negligent operation of a truck on a street in the city of Asheville; that the truck was owned by the defendant and used exclusively for business purposes; that at the time

plaintiff was injured, the truck was driven by a regular employee of defendant, employed for that purpose; and that this employee had taken the truck from defendant's place of business pursuant to the express orders of defendant. This was sufficient to make a prima facie case for the plaintiff. *Jeffrey v. Mfg. Co.,* 197 N. C., 724, 150 S. E., 503. The evidence should, therefore, have been submitted to the jury. *Parrish v. Armour & Co.,* 200 N. C., 654, 158 S. E., 188; *Duncan v. Overton,* 182 N. C., 80, 108 S. E., 387. The evidence offered by defendant did not show such a deviation by the driver of the truck from defendant's business as relieved defendant from liability to plaintiff, as a matter of law, on the principle of *respondeat superior.* The driver of the truck, although he had deviated from the route over which he was directed by defendant to drive the truck, was returning to this route at the time he injured the plaintiff by his negligence. This case is distinguishable from *Martin v. Bus Lines,* 197 N. C., 720, 150 S. E., 501; *Wilkie v. Stancil,* 196 N. C., 794, 147 S. E., 296, and *Cotton v. Transportation Co.,* 197 N. C., 709, 150 S. E., 505.

The action was properly remanded to the general county court for a new trial. The judgment is

Affirmed.