*In re* HUDSON.

MORGAN SASH & DOOR CO. *v.* HUDSON.

APPEAL AND ERROR—RECEIVERS—RES JUDICATA—FRAUD.

  Holding, that former adjudication on objections of creditors to account and report of receivers as to disposition of certain asset of corporation is *res judicata* of questions presented on subsequent petition to remove receivers, authorize suit against one of them for fraud and to recover receivership funds, is affirmed on appeal.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted January 17, 1934. (Docket No. 95, Calendar No. 37,271.) Decided March 6, 1934. Rehearing denied June 4, 1934.

On petition of William R. Hudson and others, directors, receivers were appointed for Hudson Lumber Company. Petition by Morgan Sash & Door Company and others, creditors, for removal of William R. Hudson and others as receivers, to authorize suit for fraud and to recover receivership funds. Petition denied. Petitioners appeal. Affirmed.

*Edmund M. Sloman,* for appellants.

*William S. McDowell,* for receivers.

WIEST, J. In *Re Hudson,* 258 Mich. 176, creditors of the Hudson Lumber Company filed exceptions to the account and report of the receivers, alleging bad faith in selling, for less than its market value, a contract interest of the company in 17 acres of land on Warren avenue in the city of Detroit. In the circuit court the account was modified and allowed and, upon review by the creditors, we had before us a voluminous record showing in detail all transactions by the receivers respecting disposition of the 17 acres of land and the relation between the receivers and the purchasers. The facts are fully set forth in our former opinion and the record in that case is constituted the record in this. Upon that hearing we adjudged that the receivers acted in good faith. We refused a rehearing.

Thereupon creditors of the Hudson Lumber Company petitioned the circuit court to remove the receivers and authorize suit against one of them for averred fraud, perpetrated in the sale of the 17-acre tract, and subsequent pecuniary benefit realized by one receiver and his brother and brother-in-law; also to recover $6,000, it is claimed, of receivership funds used in the transaction. The circuit judge

held our opinion *res judicata* and denied the petition.

The circuit judge was right. The present effort is but one to carry on litigation without any justification.

The decree, dismissing the petition, is affirmed, with costs to defendants.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.