## Webb v. Dixie-Ohio Express Co., Inc.

Oct. 27, 1942.

L. M. Ackman for appellant.

R. W. Keenon and Robert Odear, and F. A. Harrison for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

The question presented is: Whether evidence that a truck which caused the accident bore the particular colors and trade name of a contracted carrier, operating under a franchise, over a route on which the accident occurred, establishes a prima facie case that the carrier was the owner of the truck; and that it was, at the time of the accident, on the business of the carrier and in charge of its employee.

Appellant, Harry Webb, brought this action against appellee, the Dixie-Ohio Express Company, incorporated, in an endeavor to recover for injuries sustained as a result of the negligence of one of appellee's employees in the operation of a truck on U. S. highway No. 25 on the evening of December 24, 1940. The allegation that appellee was regularly engaged in operating trucks for commercial purposes along the route designated under a franchise granted by the state of Kentucky was undenied. Appellant testified that the letters D. O. X., trade letters used by appellee, were painted on the truck; and his companion at the time of the accident testified that

appellee's firm name was painted on the side of the truck. Both testified that the color of paint on the truck was identical with that appearing on all of appellee's trucks; and a traffic officer testified that one of appellee's trucks passed a point approximately two miles distant from the scene of the accident at approximately the time of the happening of the accident.

The trial judge sustained defendant's motion for a directed verdict at the close of plaintiff's evidence upon the ground that the evidence recited above was not sufficient to create a presumption that the truck involved in the accident was owned by the defendant, and, at the time of the accident, was being operated by its employee, or on its business.

The rule is well established in this jurisdiction that mere proof of ownership of an automobile is not sufficient to raise the presumption that at the time of an accident it was being operated by an agent of the owner or in the course of the owner's business. But where it is shown that the automobile bore the name of the defendant and its operator is shown to have been in the employ of the defendant at the time of the accident, such evidence raises the presumption that the employee was operating the automobile in the scope of his employment. Ashland Coca Cola Bottling Co., v. Ellison, 252 Ky. 172, 66 S. W. (2d) 52; Galloway Motor Co. v. Huffman's Adm'r, 281 Ky. 841, 137 S. W. (2d) 379. Because it is often impossible for the plaintiff to prove the agency of the operator, it is deemed desirable socially that the burden of introducing evidence on non-agency should be placed upon the defendant in whose peculiar knowledge rests the material evidence essential to a determination of this fact. In applying the rule we perceive no sound reason for drawing a bare distinction between a pleasure car and a commercial vehicle in the absence of facts from which it could be presumed that the commercial vehicle was being used in the course of the owner's business. A truck, used in regular commerce over a prescribed route by authority of the governing body of the jurisdiction in which it operated (unlike a pleasure car or one owned by an individual not necessarily used in pursuit of commerce), should be presumed to be used in the course of its owner's business while operated over the designated route. It is a matter of common knowledge that a franchise holder rarely, if at all, permits the implement of

its business to be employed outside the pursuit of business in which it is engaged, whereas pleasure cars and privately owned trucks are frequently operated on business other than that of the owner. In Callas v. Independent Taxi Owners' Association, 62 App. D. C. 212, 66 F. (2d) 192, in which a writ of certiorari was denied by the Supreme Court of the United States, 290 U. S. 669, 54 S. Ct. 89, 78 L. Ed. 578, it was held that evidence that a taxicab, which injured a pedestrian, bore the particular colors and trade name of the defendant, established a prima facie case that the defendant was the owner of the cab and that it was being operated on the owner's business by its agent. In Bennett v. King County Cab Co., 175 Wash. 216, 27 P. (2d) 125, the court held that proof of ownership of a taxicab within its regular territory, or a truck upon its regular run, is presumptively operating in the usual course of the business of the owner so as to make him or it liable for the negligence of the driver. To like effect in other jurisdictions are the opnions in the cases of Lazarus v. Blue Ridge Grocery Co., 201 N. C. 817, 161 S. E. 553; Arkansas Baking Co. v. Wyman, 185 Ark. 310, 47 S. W. (2d) 45; Middletown Trust Co. v. Bregman, 118 Conn. 651, 174 A. 67; Monaghan v. Standard Motor Co., 96 Mont. 165, 29 P. (2d) 378. In each of the two cases first above cited the taxicab not only bore the color and name of defendant, but it was shown it was operating in territory in which the owner had a license or franchise to operate. That evidence was proof of an additional fact from which a presumption was indulged that the cab was being operated in the course of the owner's business. Those cases would be respectable authority to follow if the question under consideration were one of first impression in this jurisdiction and we have been unable to find any authority militating against their holdings; but this is not the first time the question has been presented to this court. In Huber & Huber Motor Express v. Martin's Adm'r, 265 Ky. 228, 96 S. W. (2d) 595, the identical question was presented for consideration. It was there shown that the trucks and drivers of Huber & Huber made daily trips at irregular hours in the course of their business over the highway on which the accident occurred. The truck causing the accident bore the trade name of the defendant. The color of the truck and the letters depicting the trade name were identical with that used by the defendant on all of its trucks. It was held that this evidence,

although contradicted, was sufficient to submit the question to the jury. In the instant case, proof of the color and inscription of the owner's name on the truck was sufficient evidence to create the presumption that the truck was owned by appellee. The admission that the owner was the holder of a franchise to operate over a designated route, coupled with the evidence that the truck was being driven on the route designated in the owner's franchise, was sufficient to create the presumption that at the time of the accident it was being operated by an agent of the owner within the scope of his employment. Such evidence may be rebutted, in which event the ultimate fact must be determined by a jury under proper instruction of the court.

For the reasons stated we are of the opinion that the trial court erred in sustaining appellee's motion for a directed verdict in its favor; for which reason the judgment must be, and hereby is, reversed for proceedings not inconsistent with this opinion.