## Dixie-Ohio Express Co., Inc., v. Webb.
## Same v. Jones.

Dec. 5, 1944.

202

Keenon & Odear for appellant.

L. M. Ackman for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

Upon the first appeal (Webb v. Dixie-Ohio Express
Co., 291 Ky. 692, 165 S. W. 2d 539), the judgment against
Webb was reversed on the sole question raised, viz.,
the sufficiency of the evidence in proof of the alleged
fact that the Dixie-Ohio Express Company's truck and
agent participated in the accident. On the second trial,
Webb was awarded $900 for damages sustained to his
truck and person, and his companion at the time of the
accident, Bradley Jones, was awarded $250 for personal
injuries. Four grounds are urged in support of appel-
lant's contention that the judgments should be reversed;
they are (1) the Court erred in overruling appellant's
motion for a peremptory instruction, upon the theory
that both appellees, who were plaintiffs below, were
guilty of contributory negligence, as a matter of law;
(2) the Court erred in overruling appellant's motion
for a peremptory instruction, upon the theory that the
evidence, which we held on the first appeal was sufficient
to raise a presumption of ownership and agency, was re-
butted by such undisputed, unimpeached, clear, and con-

vincing evidence that the presumption was conclusively overcome; (3) the Court erred in overruling the motion to set aside the swearing of the jury and continue the case, when the plaintiffs allegedly injected evidence into the case from which the jury might reasonably assume that the defendant was protected by indemnity insurance; and (4) the Court erred in giving instructions 1 and A, over the objection of appellant.

Webb and Bradley were the only eye witnesses to the accident introduced on the trial. The testimony of the former is substantially the same as that of the latter concerning the events leading up to, and occurring at the time of, the happening of the accident. Their testimony showed that they were riding in a general northerly direction on highway No. 25 between Georgetown and Williamstown, Kentucky. The distance between these towns is approximately thirty-three miles. When they were about twenty-seven miles from Williamstown, they saw the truck allegedly owned by appellant, and being operated by one of its drivers; at that time there were two automobiles between appellees' and appellant's trucks. They testified that, from the time they first saw appellant's truck, it was tilted to the left, having the appearance of being overloaded, and it was weaving back and forth between the right and left hand sides of the road; that both automobiles above mentioned had difficulty in passing the truck, but each, in turn, managed to pass. Appellees followed the truck for a distance of from one to three miles, and attempted unsuccessfully to pass it after the automobiles had succeeded. Before his second attempt to pass, Webb blew the horn and the truck pulled to the right side of the road. Thereupon Webb steered his truck in an endeavor to pass, but before he could clear appellant's truck, it swerved to the left, crashing into the right hand side of Webb's truck, precipitating it over an embankment, and injuring both of the occupants.

While the testimony of appellees was sufficient to submit to the jury the question of contributory negligence, and was sufficient to sustain such a finding, had it been made, nevertheless, it was not so conclusive of contributory negligence as to authorize the Court to declare its existence as a matter of law. Irrespective of the hazard Webb was almost sure to have encountered, had he not signaled his approach by blowing his horn,

there was some substantial evidence from which the jury could have found, and undoubtedly did find, that appellees had reason to believe the driver of appellant's truck heard the warning sounded by the horn, and made way for the passage when he pulled to the right immediately after the horn was sounded. To resolve the question of contributory negligence into one of law to be determined by the Court, not only must the facts be undisputed, but they must be such that but one conclusion can fairly be drawn therefrom; and such that the minds of reasonable men may not differ in respect to the existence of the negligence contributing to the accident. City of Owensboro v. Winfrey et al., 191 Ky. 106, 229 S. W. 135; Reynolds' Adm'x v. Waggener, 271 Ky. 300, 111 S. W. 2d 647. That being true, the Court did not err in submitting this issue to the jury.

On the first appeal, we said (291 Ky. 692, 165 S. W. 2d 541): " * * * proof of the color and inscription of the owner's [Dixie-Ohio Express Company's] name on the truck was sufficient evidence to create the presumption that the truck was owned by appellee. The admission that the owner was the holder of a franchise to operate over a designated route, coupled with the evidence that the truck was being driven on the route designated in the owner's franchise, was sufficient to create the presumption that at the time of the accident it was being operated by an agent of the owner within the scope of his employment. Such evidence may be rebutted, in which event the ultimate fact must be determined by a jury under proper instruction of the court."

It is now insisted that the evidence offered by appellant in rebuttal of the presumption of ownership and agency was undisputed, unimpeached, and was so clear and convincing as to have entitled appellant to a directed verdict. Presumptions are not overcome, as a matter of law, by evidence presented on behalf of the defendant by interested witnesses, or by evidence which is of a suspicious nature or is impeached to any extent, or by evidence which is contradictory, or reasonably subject to contradictory interpretations. Sharp v. Faulkner, 292 Ky. 179, 166 S. W. 2d 62; Rawlings v. Clay Motor Co., 287 Ky. 604, 154 S. W. 2d 711, and cases therein cited. The evidence relied on to rebut the presumption is the testimony of Captain Charles B. Golden, an employee of appellant at the time of the accident and now engaged

in the armed services of the United States, and Frank Gastorf, manager of the Cincinnati office of appellant at the time of the trial. Gastorf testified that appellant did not own any trucks which operated from Cincinnati through Williamstown, or south over the route designated in its franchise; but that it did operate trucks bearing the description testified to by appellees. Such trucks were owned by the persons who drove them, and, in addition to operating for appellant under its franchise, such owners had the right to use such trucks on their own business. He stated that he had made a search for the records of the operation of such trucks on the day of the accident, and could not find them. This testimony is worthless, in contradiction of the presumption raised by the evidence introduced by appellees; it shows a mere possibility that the truck participating in the accident was not on the business of the Company at the time of the accident; and the testimony was given by an interested witness. Captain Golden was the operating manager of the Dixie-Ohio Express Company at its Cincinnati office on the day of the accident. He testified that some of the Dixie-Ohio Express Company's trucks were sold to other persons; that if appellant removed the name, "Dixie-Ohio Express Co.", from the trucks it sold, it did not do so to his knowledge; and that a situation might arise, whereby a truck bearing the name, "Dixie-Ohio Express Co.", was not operated by the Company. He stated that the Dixie-Ohio Express Company did not operate its own equipment south of the Ohio River; but it hired vehicles for the operations south of the Ohio River, and all of which had the name, "Dixie-Ohio Express Co.", on them. That the persons who owned the vehicles could operate them on business of their own; and when business was lax, the owners of the equipment could work for other carriers. He did not know if any vehicles formerly hired by the Dixie-Ohio Express Company were used by others than that Company on December 24, 1940, the day of the accident, but stated "the situation might have existed." He stated that he had made an investigation from logs prepared by the individual drivers as they checked in at Georgetown, which showed there were no trucks in-bound to Cincinnati from the south on Route 25 on the day of December 24, 1940, after 12 o'clock noon. It is unnecessary for us to determine whether Capt. Golden is an interested witness, within the meaning of the rule recited

above. We are of the opinion that his testimony does not conclusively overcome the presumption that the truck which participated in the accident was owned and being operated by appellant. He was testifying as to the results of an investigation made two and one-half years previous to the taking of his deposition. He had no records before him to refresh his recollection: and his testimony does not show the impossibility of error in the records he examined, and a perusal of which was the only investigation made by him. At most, this evidence was sufficient only to submit the question to the jury. There is at least one suspicious circumstance about the testimony offered in rebuttal of the presumption; and that is that the records of the Company for this one day were missing, and no explanation of their disappearance was offered. In Huber & Huber Motor Express v. Martin's Adm'r, 265 Ky. 228, 96 S. W. 2d 595, as was pointed out in the opinion on the first appeal of this case, the evidence for the plaintiffs was almost identical with the evidence we hold sufficient to raise the presumption of ownership in this case; but the evidence introduced in rebuttal of the presumption was much clearer and more convincing than in this case; nevertheless, the Court held that it was sufficient merely to authorize the submission of the issue to the jury.

We have often condemned evidence being presented from which the jury might infer that the defendant was indemnified from loss by reason of a judgment being pronounced against it or him. Walden v. Jones, 289 Ky. 395, 158 S. W. 2d 609, 141 A. L. R. 105; Stott v. Hinkle, 286 Ky. 143, 150 S. W. 2d 655, and cases therein cited. The questions and answers objected to in this case were asked of and answered by Mr. Gastorf, as follows:

"Q. In order to operate you have to protect the freight that you try to haul, do you not? A. Protect it?

"Q. Yes. A. You say protect it, from what! Rate, do you mean?

"Q. Do you have to take any measures to protect those who ship freight over your common carrier? A. Yes, it is the law of the Commission, we must be covered by insurance."

It will be noted that the questions did not call for information concerning the existence of liability insurance, but were directed solely to the existence of

protection of cargo on the trucks, loss for which constituted no part of the claim of appellees. It is insisted that this evidence had the desired effect to give the case an "insurance coating", and to sprinkle it with an "insurance perfume", so aptly described by the writer of the opinion in Star Furniture Co. et al. v. Holland, 273 Ky. 617, 117 S. W. 2d 603. It is contended by appellees that the testimony was relevant on the issue of ownership of the truck; it being argued that the evidence presented by appellant, in respect to contracts with individuals operating south of the Ohio River, was vague and indefinite. We cannot say that that was not the purpose of the introduction of the testimony, because, had appellees been permitted to develop the testimony in this respect, they might have been able to show that insurance premiums were paid on freight hauled over the route it was claimed appellant was operating the truck at the time of the accident, or that it had collected insurance by reason of damage to the cargo being transported by the truck which participated in the accident. Appellees were not permitted to develop this line of evidence, because the Court sustained the objection to the question and excluded the answer from the consideration of the jury. Under all the circumstances, the line of questioning, so undeveloped as it was, does not appear to have been injected into the case for the ulterior purpose ascribed. In Gayheart et al. v. Smith, 240 Ky. 596, 42 S. W. 2d 877, it was held that where relevant on the issue of ownership of a vehicle participating in an accident, evidence as to insurance is competent.

Finally, complaint is made of instruction No. 1 in the Webb case, and to the corresponding instruction A in the Jones case. The instructions told the jury, in substance, that if they found that the defendant owned and operated the truck at the time of the accident, and that the driver thereof swerved from the right lane to the left lane, thereby causing the collision, they should find for the plaintiffs, but unless they so believed, they should find for the defendant. The instructions were followed by contributory negligence instructions. Complaint is made that 1 and A were virtual peremptory instructions. There was devolving upon the driver of defendant's truck only one duty which it is claimed was, and conclusively was proven to have been, violated, viz.: the duty to drive on the right hand side of the road. The defenses relied on were that the truck was not owned or

being operated by the defendant at the time of the accident, and the driver of plaintiff's truck was guilty of contributory negligence. That being true, the plaintiffs were entitled to recover, unless the jury believed (1) the truck was not owned or operated by the defendant; or (2) plaintiffs were guilty of contributory negligence. The instructions properly submitted these issues to the jury.

The judgments are affirmed.