## Lyons v. Great Atlantic & Pacific Tea Co. et al.

March 22, 1946.

Robert E. Hogan for appellant.

Doolan, Helm, Stites & Wood for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Robert Lyons, a boy 10 years of age, instituted this action through his father and next friend against the Great Atlantic & Pacific Tea Company, Kentucky Transport Corporation and Frank A Talbert to recover damages for injuries he sustained when he was struck by a truck on 22d Street in Louisville. Talbert was driving the truck, which was owned by the Transport Corporation, and loaded with goods belonging to the

A. & P. The letters A. & P. were painted on the side of the truck, but the Transport Corporation admitted its ownership. The accident happened about 10 p. m. on July 11, 1944, as Robert was riding a full size bicycle along 22d Street. This street runs north and south and is crossed by Griffith Street on the north of the place where the accident occurred and by Duncan Street on the south. A coal truck was parked on the right-hand or east side of 22d Street in front of a residence numbered 321. There is a house numbered 318 directly across the street from the one numbered 321. This house is located on a slight embankment. The testimony for both sides is to the effect that 22d Street was well lighted at the time of the accident. According to the appellant's evidence, the accident occurred some 15 feet north of the parked truck, and about two or three feet from the curb, while the testimony for the appellees is to the effect that the accident happened in the street near the left front fender of the parked truck. According to Robert's testimony and that of his witnesses, he was riding north on 22d Street two or three feet from the curb, and after he had passed the parked truck and reached a point two or three feet from the curb and about 15 feet in front of the truck he was struck by the right front fender and bumper of a large red tractor trailer truck which was going north on 22d Street. According to the appellees' testimony, Robert was riding his bicycle south on 22d Street near the east curb, and as he approached the parked truck he undertook to ride around it and collided with the trailer part of the truck. The truck did not stop, but Talbert admitted that he was driving a truck with the letters A. & P. on it along 22d Street at about the time the accident was said to have taken place. Of course he said that he at no time saw Robert and knew nothing of the accident until he was overtaken in Indiana while en route to Evansville. A peremptory instruction was given in favor of the A. & P. and 11 members of the jury returned a verdict in favor of the other appellees.

In urging reversal the appellant earnestly insists that (1) a peremptory instruction should have been given in his favor; (2) a peremptory instruction should not have been given in favor of the A. & P.; (3) the verdict is flagrantly against the weight of the evidence and is not sustained by sufficient evidence; and (4)

numerous errors were made in the court's instructions to the jury.

The appellant's evidence set the speed of the truck at from 20 to 25 miles an hour. It showed also that it was being driven in a zigzag manner. Four witnesses, including a lady who was sitting on the porch of the residence at 318 22d Street, gave testimony in support of the appellant's version of the accident. One of these witnesses admitted on cross-examination, however, that he was not certain whether Robert was going north or south, and, according to the officer who investigated the accident, two of the appellant's witnesses told him immediately after the accident that they did not know in which direction Robert was riding. This officer said also that Robert told him that he was going south when he collided with the truck. When he examined the truck the next day he did not find any marks on the front fender or bumper of the tractor part of the truck, but he did find marks about three feet from the front end of the right side of the trailer which looked as if they might have been made by the handle bar of a bicycle. On direct examination the officer said that the marks appeared on the tractor, but it is quite clear from his evidence given on cross-examination that it was the trailer and not the tractor on which the marks were found.

Two women who were sitting on the porch of the residence at 318 22d Street said that they saw Robert riding south, and that the A. & P. truck came along just as he attempted to go around the parked truck. Of course they were not in position to see the actual collision, but they said Robert was riding south. An officer who investigated the accident found a torn up bicycle near the parked truck. He said also that there were visible prints in the asphalt paving of the street, even with the left front fender of the parked truck.

In urging that a peremptory instruction should have been given in his favor, the appellant ignores the testimony of the officers relative to the statements made to them about the direction in which Robert was traveling, the physical facts and the testimony of the two women who testified for the appellees. It is our opinion that the case was clearly one for the jury, in view of the conflicting evidence advanced by the parties, and can not be classed with those cases relied upon by the

appellant wherein there was no conflict in the evidence as to the cause of the accident. Under the circumstances, we do not think there is any basis for the contention that the verdict is flagrantly against the evidence.

In insisting it was error to give a peremptory instruction in favor of the A. & P., the appellant relies upon the cases of Webb v. Dixie-Ohio Express Co., 291 Ky. 692, 165 S. W. 2d 539, and Huber & Huber Motor Express Co. v. Martin's Adm'r, 265 Ky. 228, 96 S. W. 2d 595. In neither of those cases was there an admission of ownership of the truck. In the case at bar we have noted that the Kentucky Transport Corporation admitted that it owned the truck being driven by Talbert, so the question of ownership did not rest upon a presumption. True it is the truck was carrying goods belonging to the A. & P., but the evidence shows the owner of the truck had a contract to haul the A. & P.'s goods. Apparently, the letters A. & P. were placed on the truck for advertising purposes, because the name of the Kentucky Transport Corporation also appeared on the truck. We think it was proper, therefore, for the court to give a peremptory instruction in favor of the A. & P.

It is contended that it was error to give an instruction on contributory negligence; to refuse to give one on the last clear chance doctrine; to refuse to give one having to do with duties of passing vehicles; to refuse to give one making it the duty of the appellant to keep off the left-hand side of the street when the accident occurred on the right-hand side; and also the instruction on lights was erroneous; the instruction outlining the appellant's duties in riding his bicycle along the street was erroneous; and the jury should have been permitted to find against either the Kentucky Transport Corporation or Talbert, or both of them. It is obvious from a review of the evidence that it was proper to give an instruction on contributory negligence. Nor do we think the case is one involving the last clear chance doctrine. According to the appellant's testimony, he was suddenly struck some 15 feet in front of the parked truck when he was two or three feet from the curb. According to the testimony of the truck driver he never saw the appellant, and other testimony for the appellees indicates that the tractor had already passed the front end of the parked truck before Robert attempted to go around it.

In the case of Illinois Cent. R. Co. v. Applegate's Adm'x, 268 Ky. 458, 105 S. W. 2d 153, it was pointed out that this Court would thereafter follow the general rule to the effect that there could be no finding against the master and in favor of the servant in a case such as this. The Applegate case has been followed consistently. We deem the remainder of the objections to the instructions to be without merit. We have examined them carefully and think they clearly and fairly presented both sides of the case to the jury.

Wherefore, the judgment is affirmed.