POTTER *v.* BATTLE CREEK GAS COMPANY

1. NEGLIGENCE—LIABILITY—PUBLIC UTILITY—COMMISSION SAFETY STANDARDS—COMPLIANCE.

   A public utility may be liable for negligence even if it has met all of the standards set by the Public Service Commission; thus, where defendant had installed a cast iron gas main in front of plaintiff's home and made no test to determine the compactibility of the soil or depth of the frost zone, where the pipe broke due to the earth movement caused by the alternate freezing and thawing of the soil and gas escaped and followed a service line into plaintiff's home where it ultimately exploded, defendant was liable for negligence even though it met or exceeded all of the requirements of the Gas Safety Code.

2. NEGLIGENCE—GAS—ACTS OF GOD—DEFINITION.

   "Acts of God" are those events and accidents which proceed from natural causes and cannot be anticipated and provided against, and where a gas main breaks due to the alternate freezing and thawing of the soil, defendant's contention that it was caused by an "act of God" is without merit where nothing in the record indicates that the winter in question was anything but a "normal" winter, for an "act of God" requires an unusual, extraordinary, and unexpected manifesta-

REFERENCES FOR POINTS IN HEADNOTES

[1] 26 Am Jur 2d, Electricity, Gas, and Steam §§ 195–268.
[2] 1 Am Jur 2d, Act of God § 1 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 840.

tion of the forces of nature, and the exclusion of human agency from the cause of injury or loss.

3. Aᴘᴘᴇᴀʟ ᴀɴᴅ Eʀʀᴏʀ—Cᴏᴜʀᴛs—Tʀɪᴀʟ—Fɪɴᴅɪɴɢ ᴏғ Fᴀᴄᴛ—Pʀᴇsᴜᴍᴘ-ᴛɪᴏɴ.

Trial court's findings of fact is presumed to be correct and will not be overturned on appeal unless the evidence clearly pre-ponderates against that finding.

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 June 4, 1970, at Grand Rapids. (Docket No. 7201.)   Decided December 9, 1970.

Complaint by Russell O. Potter and Mary E. Pot-ter against the Battle Creek Gas Company for neg-ligence.   Judgment for plaintiffs.   Defendant ap-peals.   Affirmed.

*Allen, Worth & Calderone,* for plaintiffs.

*McAuliffe & Harbert,* for defendant.

Before:  T. M. Bᴜʀɴs, P. J., and Fɪᴛᴢɢᴇʀᴀʟᴅ and Bʏʀɴᴇs,* JJ.

T. M. Bᴜʀɴs, P. J.   Defendant appeals from a finding of the trial court, sitting without a jury, that it was guilty of negligence which proximately caused property damage to the plaintiffs' home.

The trial court, in its written opinion, made the following findings of fact.   Defendant, in 1956, in-stalled a cast iron gas main in front of plaintiffs' home.   At that time, defendant made no tests to determine the compactibility of the soil or the depth of the frost zone.   In March 1965, the force created by earth movement caused by alternate freezing and thawing of the soil, broke the pipe thereby allowing the gas to escape.   The gas then followed along (but

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

not in) a service pipe which led into the plaintiffs' basement where the gas accumulated and ultimately exploded.

The trial court also found that the defendant's only method for discovering leaks was a "vegetation survey" which involves driving along the company's lines and looking for discolored vegetation. This method is, of course, ineffective in areas where there is no vegetation and during the winter months, both the situations here.

The escaping gas was "leached" of its odor by the soil. By the time it accumulated in the plaintiffs' basement it had, therefore, been returned to its odorless condition making its presence impossible to detect.

Defendant contends here that it should not have been found negligent because it had met or exceeded all of the requirements of the Michigan Public Service Commission's Gas Safety Code[1] (1957 AACS R 460.2842, §§ 842.22, 842.23). In particular, it argues that since § 842.22 of that code requires cast iron pipe installed at a depth of 30 inches, defendant has fulfilled its obligation of reasonable care because its cast iron pipe was installed at a depth of 36 to 40 inches. However, as the trial court observed, § 842-.23 of that same code requires casing or bridging if sufficient cover is not provided to protect it from external stress. Neither bridging or casing was used by the defendant at the point of the break. Also 1957 AACS R 460.2842, § 804.4[2] indicates that the requirements of the code are adequate under normal conditions, but not for unusual conditions.

The trial court in this instance considered the provisions of the safety code and concluded, at page 11 of its finding, as follows:

[1] For current rules see 1967 AACS R 460.2842, §§ 842.22, 842.23.
[2] For current rules see 1967 AACS R 460.2804, § 804.4.

"Defendant argues, in effect, that if it installs, constructs, and distributes its gas within the standards set forth by the Michigan Public Service Commission, that it cannot be found negligent. While the obverse might be true, that had the defendant violated one, or more, of the standards of the commission, that fact might be deemed to be proof of negligence or evidence of negligence, it does not follow that coming within the standards (assumed) insulates defendant from a finding of negligence. Here the standards as to depth of cover and amount of odorant, for illustration, evidently were not sufficient to prevent the accident in question, nor did the standards prescribe that the soil should be tested for its leaching qualities, its load bearing strength, for average or usual depth of frost penetration, etc. While such standards are necessary and a protection to the public, they do not preclude a finding of negligence where a combination of factors support such a finding."

We consider the trial court's ruling to be the correct one. See *Freeman* v. *Duluth, S.S. & A.R. Co.* (1889), 74 Mich 86; *Grand Trunk R. Co.* v. *Ives* (1892), 144 US 408, (12 S Ct 679, 36 L Ed 485); *Schneider* v. *United States* (ED NY, 1960), 188 F Supp 911. We therefore hold that the defendant could not, as a matter of law, be absolved of all liability for negligence simply because it met all of the standards set by the Michigan Public Service Commission.

Defendant also argues that since the break was caused by the action of the soil in freezing and thawing, *i.e.* the weather, plaintiffs' injuries were caused by an "act of God" for which it is not responsible. The Michigan Supreme Court has accepted the following description of an "act of God" as correct:

" * * * By the term 'act of God' is meant those events and accidents which proceed from natural causes and cannot be anticipated and provided

against, such as unprecedented storms, or freshets, lightning, earthquakes, etc."[3]

There was no evidence that the winter of 1964–1965 was extraordinarily severe. The definition of an "act of God" requires an unusual, extraordinary, and unexpected manifestation of the forces of nature, and require the entire exclusion of human agency from the cause of the injury or loss. There is nothing in the record to indicate that the winter in question was anything but a "normal" Michigan winter. We therefore find defendant's contention that the damage was caused by an "act of God" to be without merit.

Defendant next contends that the trial court's finding of negligence was based upon a multiplicity of erroneous findings of fact. This court cannot overturn a lower court's finding of fact unless the evidence clearly preponderates against that finding. *Kelly* v. *Michigan Consolidated Gas Company* (1961), 362 Mich 251, 256. A review of the record here does not rebut the presumption of correctness accorded the lower court's finding.

Plaintiffs also alleged, in Count II of their complaint, negligence based upon the Michigan version of *res ipsa loquitur*. The trial court also found the defendant liable under that doctrine which the defendant contends is erroneous. We find it unnecessary to deal with the defendant's attack upon that finding, however, since we have already determined the trial court's finding of negligence in Count I to be correct.

Affirmed.

All concurred.

---

[3] *Golden & Boter Transfer Co.* v. *Brown & Sehler Co.* (1920), 209 Mich 503, 510 (quoting the trial court's instruction as correct).