KAMINSKY v THE HERTZ CORPORATION

Docket No. 43446. Submitted October 10, 1979, at Lansing.—Decided December 18, 1979. Leave to appeal applied for.

Joyce Kaminsky, Paul S. Kaminsky, James Utrup, Judith Utrup, Sarah Utrup and Becky Utrup were injured when the windshield of the automobile in which they were riding was struck by a sheet of ice which detached itself from the roof of a truck which was passing in the opposite direction. It was established that the truck was a yellow color and bore the logo of The Hertz Corporation. The Kaminskys and Utrups brought an action against Hertz, charging negligence, nuisance and product liability. The Saginaw Circuit Court, Joseph R. McDonald, J., granted summary judgment to the defendant, and the plaintiffs appeal. *Held:*

1. The truck was identified only by its yellow color and the Hertz logo. The trial court granted summary judgment based on its conclusion that a jury could not find ownership of the truck in Hertz except by speculation because about 10 percent of the trucks with Hertz colors and logo are owned by licensees, franchisees, or others who have purchased the trucks without removing the Hertz identification. The Hertz colors and logo establish a prima facie showing of ownership and control sufficient to preclude summary judgment. The burden of going forward with the evidence to overcome this presumption is on the defendant, and it is for the jury to decide whether the presumption has been overcome by that evidence.

2. In regards to the product liability claim, if the plaintiffs are able to prove the Hertz truck is defective in design, it is possible to hold a franchisor liable for damages for consenting to distribution of a defective product bearing the franchisor's name.

3. The defendant asserted an affirmative defense of "act of

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment §§ 16, 27.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 896, 909.
   Presumption and prima facie case as to ownership of vehicle causing highway accident. 27 ALR2d 167.
[3] 1 Am Jur 2d, Act of God §§ 1-3.

God" and the trial court refused the plaintiffs' motion to strike that defense. Such denial was error in this case.

Reversed and remanded.

1. EVIDENCE — SUMMARY JUDGMENT — FAILURE TO SUPPORT COMPLAINT.

The question of whether or not a plaintiff's evidence fails to support the complaint becomes a question of law, and thus susceptible to summary judgment, only where the evidence is such that all reasonable men would reach the same conclusion or where there is a total failure to prove one or more elements necessary to the cause of action.

2. NEGLIGENCE — EVIDENCE — COMMERCIAL VEHICLES — PRESUMPTIONS.

Evidence establishing that a party's name and colors appear on a commercial vehicle involved in an accident creates a rebuttable presumption that that party had ownership or control of the vehicle; the effect of this presumption is to shift the burden of going forward with the evidence to that party, and whether or not that party's evidence overcomes the presumption is a question for the jury.

3. WORDS AND PHRASES — ACT OF GOD.

An "act of God" is an event or accident which proceeds from natural causes and cannot be anticipated and provided against; it requires an unusual, extraordinary, and unexpected manifestation of the forces of nature and the entire exclusion of human agency from the cause of injury or loss.

*Yuille, Zeleznik, Plourde & Russell,* for plaintiffs.

*Collison, Chasnis & Dogger,* for defendant.

Before: R. B. BURNS, P.J., and D. E. HOLBROOK, JR. and GLENNIE,* JJ.

D. E. HOLBROOK, JR., J. Plaintiffs appeal as of right a January 17, 1979, order granting defendant's motion for summary judgment. The incident which gave rise to this action occurred November

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

16, 1974, while plaintiffs were driving a Volkswagen south on Highway M-52 in Saginaw County. The windshield was struck by a large sheet of ice which detached from the top of a passing yellow truck bearing the Hertz logo. The windshield shattered injuring plaintiffs, particularly Joyce Kaminsky who lost her right eye and suffered serious facial lacerations. Plaintiffs charge negligence, nuisance, and product liability, requesting damages in amounts ranging from $15,000 to $1,250,000.

The motion for summary judgment was granted on facts stipulated to by the parties. Of primary importance was the admitted fact that the truck was identified only by virtue of its yellow color and the Hertz logo. Hertz owns only approximately 90 percent of such vehicles while the other 10 percent are owned by licensees or franchisees, or are vehicles sold without removal of the Hertz logo and colors. The trial court concluded that a jury could not find ownership in Hertz Corporation and that any verdict for plaintiffs would be based on guess and conjecture. We disagree.

Whether plaintiffs' evidence fails to support the complaint becomes a question of law only where the evidence is such that all reasonable men would reach the same conclusion or where there is total failure to prove one or more elements necessary to the cause of action. *Brill v Davajon,* 51 Ill App 2d 445; 201 NE2d 253 (1964). In a civil case, the quantum of proof required is a "preponderance of the evidence". It cannot be said that the preponderance of the evidence showed non-ownership of the truck by Hertz, when the facts stipulated showed 90 percent of the vehicles bearing the Hertz logo are owned by Hertz.

Our decision does not rest on an estoppel theory as there was no reliance on the part of plaintiffs.

We find instead that the Hertz color scheme and logo establish a prima facie showing of ownership or control sufficient to prevent a summary judgment. In the interest of justice, we feel that any business organization which permits a commercial conveyance to operate on the public highways prominently proclaiming its name owes a duty to the public to stand by that voluntary, self-advertising proclamation. That responsibility, of course, is not absolute. The named firm may introduce evidence indicating lack of control or ownership. But such explanations are for the jury to evaluate and appraise in light of all the surrounding circumstances.

We cite with approval the reasoning of *Fullerton v Motor Express, Inc,* 375 Pa 173, 175-176; 100 A2d 73, 74 (1953), where it was stated:

"The law is clear that an identifying sign on a commercial vehicle declares its reputed ownership as much as a flag proclaims the nationality of the ship which flies it. If the ship is sailing under false colors it will have to answer for the deception. If a name on the vehicle misstates ownership, opportunity is afforded the named person or firm to disprove the asserted proprietorship. " '* * *It is well settled by our previous decisions that the presence of a defendant's name on a commercial vehicle raises a rebuttable presumption that the vehicle is owned by defendant and that the driver of the vehicle is a servant of defendant acting within the scope of his employment. * * * THIS presumption is sufficient to take the case to the jury even though defendant produces uncontradicted evidence that the driver was not its employee * * * or produces evidence that it did not own the vehicle in question.'

"The most elementary rules of logic, woven into the fabric of correlative social responsibility, as well as the requirements of simple justice, demand that the law be as above indicated. The person who is struck down by a strange vehicle cannot automatically know the business

of the owner of the vehicle; and, even with the most diligent inquiry, he may not be able to ascertain the nature of the mission to which the driver was committed at the time. Hence the imperative necessity of the presumption, in a situation of this kind, that the first person or firm to be called to answer for the mishap should be the person or firm whose name decorates the offending vehicle."

*Fullerton, supra,* found that the question of ownership and mission of the corporation's truck-tractor at the time of the accident was to be determined by the jury.

An illustrative case is *Webb v Dixie-Ohio Express Co, Inc,* 291 Ky 692; 165 SW2d 539 (1942), which held that proof of uniformity of all trucks painted with identical colors and with defendant's name inscribed thereon was sufficient to create a presumption that the truck was owned by defendant. Such evidence may be rebutted, in which event the ultimate facts must be determined by a jury under proper instruction by the court. In explaining its ruling, the court stated:

"Because it is often impossible for the plaintiff to prove the agency of the operator, it is deemed desirable socially that the burden of introducing evidence on non-agency should be placed upon the defendant in whose peculiar knowledge rests the material evidence essential to a determination of this face." 291 Ky at 694.

A similar holding is found in *Nash v Wright,* 82 Cal App 2d 467; 186 P2d 686 (1947), where the truck involved in an accident was registered in the name of another. Nevertheless, in determining negligence liability, evidence that a defendant's name was painted thereon and that a driver was in the defendant's employ was found sufficient to

allow jury determination on issues of ownership and authorization of the driver to use the truck.

In *Thomas v Checker Cab Co, Inc,* 66 Mich App 152; 238 NW2d 558 (1975), this Court adopted the rule followed in the above jurisdictions stating:

> "[E]vidence establishing that defendant company's name and colors are upon the taxicab creates a prima facie case that defendant had custody and control of that cab, whether the company owned it or not. That presumption of custody and control is sufficient to carry the case to the jury * * *. This rule affects only the burden of going forward with the evidence, and not the ultimate burden of proof, which is still upon plaintiffs * * *.
>
> "The rule which we now adopt was created in recognition of the difficulties injured individuals encounter in unraveling the complex organization structures set up between taxicab companies and their drivers." 66 Mich App at 158.

In *Thomas, supra,* Checker Cab obtained a directed verdict of no cause of action on grounds that there had been no showing of control over the various operations of the drivers. The trial judge held that Checker was actually an agent of the cab owners. Trial testimony indicated that Checker cabs were identifiable through an insignia and common color scheme. The company maintained a switchboard call system to relay requests for cab service and it was estimated that 40 percent of company business came from radio calls. In light of that evidence, the court could not say that the defendant's proofs of lack of control were undisputed. Whether the effect of the presumption of control was overcome by defendant's evidence was found to be a question for the jury.

In the instant case it has been shown that 90 percent of trucks bearing the Hertz logo are owned

by defendant. Licensees and franchisees are not required to use the same yellow and black color scheme of Hertz and may use their own individual company colors.

Deposition testimony by witnesses to the incident provided a description of the truck and its two occupants. Mr. and Mrs. Hawley followed directly behind the truck at a distance of about five car lengths for approximatley two miles. They described it as yellow with the Hertz logo written on the side and back in letters 2 to 2-1/2 feet high or higher. They did not see any other identification on the truck and were unable to see the license tag.

MCL 257.723; MSA 9.2423 requires all vehicles of more than 3,500 pounds operating on public highways to have painted upon them information relative to the name and address of the registered owner and lessee of the vehicle, if it is being operated under lease, in conspicuous letters at least three inches in height. The witnesses' failure to see other painted identification on the truck tends to strengthen plaintiffs' argument that Hertz Corporation was the owner of the truck.

The burden of introducing evidence as to non-ownership or control should be placed upon defendant, in whose particular knowledge rests the material evidence essential to a determination of the facts. *Webb v Dixie-Ohio Express Co, Inc, supra* Plaintiff, even with the most diligent inquiry, may be unable to ascertain the ownership or identity of the vehicle. Such information is more readily available to defendant through business records or daily log sheets in the possession of Hertz or its licensees.

To summarize, in a situation such as this, a rebuttable presumption of ownership and/or con-

trol arises which affects the burden of going forth with evidence. Whether defendant's evidence overcomes the presumption is a question for the jury. The ultimate burden of proof is not shifted, but remains with plaintiffs.

We also note that plaintiffs' complaint alleges not only negligence but also nuisance and products liability. As to the products liability claim, under Michigan law, a jury might find a supplier of a defective product liable, depending on the level of awareness of the risk of harm, for negligence and/ or breach of implied warranty of fitness. If plaintiffs are able to prove the Hertz truck is defective because of an unsafe design, which allows ice to accumulate and later detach when the truck is in motion, there is authority under *Kosters v Seven-Up Co,* 595 F2d 347 (CA 6, 1979), for holding a company franchisor liable for consenting to distribution of a defective product bearing its name.

The last issue raised by plaintiffs is whether the trial court erred in denying their pretrial motion to strike defendant's affirmative defense of "act of God". In the context of a negligence action, the Michigan Supreme Court has adopted a definition of "act of God" to mean:

" '[T]hose events and accidents which proceed from natural causes and cannot be anticipated and provided against, such as unprecedented storms, or freshets, lightning, earthquakes, etc.' " *Golden & Boter Transfer Co v Brown & Sehler Co,* 209 Mich 503, 510; 177 NW 202 (1920).

*Golden* was recently cited in *Potter v Battle Creek Gas Co,* 29 Mich App 71; 185 NW2d 37 (1970). This Court in *Potter* added the following comments about the "act of God" defense:

"The definition of an 'act of God' requires an unusual, extraordinary, and unexpected manifestation of the forces of nature, and require[s] the entire exclusion of human agency from the cause of the injury or loss." 29 Mich App at 75.

*Alaska Freight Lines v Harry,* 220 F2d 272 (CA 9, 1955), involved a similar type incident. The court held that the falling of a piece of ice from the top of a tractor-trailer onto a passing vehicle in Alaska during winter was foreseeable and it was actionable negligence to permit ice to accumulate on top of said tractor-trailer.

We find that the trial court erred in refusing to grant plaintiffs' motion to strike the defense of "act of God".

Reversed and remanded. Costs to abide the final result.