HELEN MONTGOMERY AND KENNETH MONTGOM-
ERY, APPELLANTS, v. ROYAL MOTEL, RESPOND-
ENT.

No. 12884

June 3, 1982                                    645 P.2d 968

[Rehearing granted and this opinion recalled February 16,
1983; appeal dismissed March 18, 1983]

*Richard W. Myers,* Las Vegas, for Appellants.

*Rose, Edwards, Hunt & Pearson,* Las Vegas, for Respond-
ent.

## OPINION

By the Court, MANOUKIAN, J.:

On January 10, 1978, appellants Helen and Kenneth Mont-
gomery rented a room at respondent Royal Motel, a fourteen
unit building in Las Vegas. On February 1, the Montgomerys
had just returned to their motel room when they were assaulted

and robbed by an unknown assailant. The door to their room was not self-locking, but was equipped with an operable deadbolt latch. The door was not locked when the assault occurred, although the Montgomerys customarily locked the door immediately upon entry.

The trial court granted respondent's motion for summary judgment upon respondent's presentation of evidence of a Las Vegas municipal ordinance, 4-10-2, "Housing Security Standards," which the trial court found set the applicable standard of conduct for the motel proprietors. The ordinance requires deadbolt locks, but not self-locking doors at units such as those at respondent's motel.[1]

The main issue confronting us is whether the trial court erred in its determination that, as a matter of law, respondent motel met the required standard of conduct in protecting its guests from criminal acts of third parties by complying with the ordinance.

The ordinance applies to "all residential type buildings" and Section 1 clearly applies to motels with individual entrances such as the Royal. Appellants contend, however, that the ordinance establishes only a minimum standard of conduct and that reasonably prudent conduct might require additional precautions under the circumstances (*i.e.,* a self-locking door), raising a question of fact for the jury.

Courts are reluctant to grant summary judgment in negligence cases because the issue of the reasonableness of a defendant's conduct or standard of conduct is usually a question of fact for the jury. Thomas v. Bokelman, 86 Nev. 10, 462 P.2d 1020 (1970); Pickering v. State, 557 P.2d 125 (Hawaii 1976). Nonetheless, "when plaintiff as a matter of law cannot recover, defendant is entitled to a summary judgment." Thomas v. Bokelman, *supra* at 13, 462 P.2d at 1022. Although we sympathize with appellants' plight, we find that summary judgment was appropriate in this case.

---

[1] The ordinance, 4-10-2, Housing Security Standards, reads in pertinent part:

(A) The following requirements shall apply to all residential type · buildings including those existing, those new and those to be constructed in order to provide the maximum possible security from criminal actions to the permanent and transient occupants thereof, and to their possessions.

1. Dwellings, single housing units. These requirements shall apply to all housing units—detached, attached to or within a building—having individual entrances immediately accessible from the outside without other intervening entrance doors.

. . .

(b) Dead bolts openable without key from the inside shall be provided on all housing unit entrance doors.

The Restatement (Second) of Torts (1965), § 285 states that the standard of conduct may be established by a legislative enactment or administrative regulation; § 286 suggests that the court as a matter of law can adopt a legislative enactment as the standard of conduct if various criteria are met.[2]

We recognize that the standard of conduct defined by a legislative enactment is usually a minimum standard and that special circumstances may support a finding of negligence, despite compliance, if a reasonable person would have taken additional precautions. *See* Pickering v. State, *supra;* Jones v. Hittle Service, Inc., 549 P.2d 1383 (Kan. 1976); Restatement (Second) Torts, § 288C (1965).[3] But when the facts pose a "normal" situation, within that contemplated by the enactment, "it may be found, and can be ruled as a matter of law, that the actor has done his full duty by complying with the statute. . . ." Prosser on Torts, § 36 (4th ed. 1971). *See also,* Jones v. Hittle, *supra.*

In the affidavits in opposition to the motion for summary judgment, the Montgomerys failed to present facts which would indicate that the case posed special circumstances requiring affirmative action beyond the requirements of the

---

[2]The Restatement view permits adopting a legislative enactment if the purpose of the act is exclusively or in part:

    (a) to protect a class of persons which includes the one whose interest is invaded, and
    (b) to protect the particular interest which is invaded, and
    (c) to protect that interest against the kind of harm which has resulted, and
    (d) to protect that interest against the particular · hazard from which the harm results.
Restatement (Second) Torts, § 286 (1965).

We are satisfied that the ordinance meets the suggested criteria of § 286.

[3]The comment to § 288C is illustrative:

    a.   Where a statute, ordinance or regulation is found to define a standard of conduct for the purposes of negligence actions, as stated in §§ 285 and 286, the standard defined is normally a minimum standard, applicable to the ordinary situations contemplated by the legislation.

    . . .
    *Where there are no . . . special circumstances, the minimum standard prescribed by the legislation or regulation may be accepted by the triers of fact, or by the court as a matter of law, as sufficient for the occasion;* but if for any reason a reasonable man would take additional precautions, the provision does not preclude a finding that the actor should do so.

ordinance. So far as appears, the proprietor had no reason to suspect that an attacker was near the premises, there was no showing of a history of prior similar incidents, nor were the Montgomerys deceived by the door's appearance. *Compare,* Peterson v. Salt River Agricultural Improvement Power District, 391 P.2d 567 (Ariz. 1964); Potter v. Battle Creek Gas Co., 185 N.W.2d 37 (Mich. 1970).

Finally, courts have repeatedly held that when a criminal act is precipitous, an owner will not be liable for injuries to invitees since the act constitutes an unforeseeable intervening force. *See, e.g.,* Thomas v. Bokelman, *supra;* Totten v. More Oakland Residential Housing, Inc., 134 Cal.Rptr. 29 (Cal.App. 1977); Brewer v. Roosevelt Motor Lodge, 295 A.2d 647 (Me. 1972). *Compare,* Kline v. 1500 Massachusetts Avenue Apartment Corp., 439 F.2d 477 (D.C.Cir. 1970); Garzilli v. Howard Johnson's Motor Lodges, Inc., 419 F.Supp. 1210 (E.D.N.Y. 1976); O'Hara v. Western Seven Trees Corp. Intercoast Management, 142 Cal.Rptr. 487 (Cal.App. 1978). Here, appellants failed to present sufficient and specific facts that respondent could reasonably foresee or anticipate the criminal conduct in question, and the probability of injury resulting therefrom. *See* NRCP 56(e).

We affirm the judgment below.

GUNDERSON, C. J., and SPRINGER and MOWBRAY, JJ., and ZENOFF, SR. J.,[4] concur.

---

[4]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19.