*In re* MOTION FOR LEAVE TO SUE THE RECEIVER OF VENUS PLAZA
SHOPPING CENTER

Docket No. 196107. Submitted February 3, 1998, at Lansing. Decided February 27, 1998, at 9:25 A.M.

Venus Plaza Associates filed in the Oakland Circuit Court, David F. Breck, J., a motion for leave to sue Andrew Balinski, a receiver who had been appointed by the court to manage the Venus Plaza Shopping Center, for his alleged failure to perform his duties in accordance with the court's order creating the receivership. The receiver had been appointed under the court's equitable powers pursuant to MCL 600.2926; MSA 27A.2926 at the request of Resolution Trust Corporation, as conservator of First Federal Savings and Loan Association, after Venus Plaza Associates had defaulted on a mortgage note that had been secured with a mortgage on the property of and assignment of rents of the shopping center. The court denied the motion, finding that Venus Plaza Associates had failed to state meritorious claims against the receiver and that bad faith was a necessary element of a claim against a court-appointed receiver. Venus Plaza Associates appealed.

The Court of Appeals *held*:

1. Where a court has appointed a receiver in the exercise of its equitable powers in accordance with the provisions of MCL 600.2926; MSA 27A.2926, leave of the court must be obtained before bringing a lawsuit against the receiver that has been so appointed. The court's grant or denial of leave to sue a receiver is reviewed for an abuse of discretion.

2. The trial court properly held that bad faith on the part of a court-appointed receiver must be pleaded and shown before bringing an action against the receiver for actions taken and events occurring during the course of the receivership.

3. The standard of care owed by a court-appointed receiver is one of good faith. Where a receiver is involved in the management of a going concern, errors in business judgment by the receiver are not actionable.

4. Because Venus' motion for leave to sue the receiver did not allege bad faith by the receiver, the trial court did not abuse its discretion in denying the motion.

Affirmed.

1. Receivers — Courts — Equity — Actions — Appellate Review — Abuse of Discretion.

   Leave of a court that has appointed a receiver in the exercise of its equitable powers must be obtained before bringing a lawsuit against the receiver that has been so appointed; a court's grant or denial of leave to sue a receiver is reviewed for an abuse of discretion.

2. Receivers — Actions — Pleadings — Bad Faith.

   Bad faith on the part of a court-appointed receiver must be pleaded and shown before bringing an action against the receiver for actions taken and events occurring during the course of the receivership.

3. Receivers — Actions — Standard of Care — Business Judgment.

   The standard of care owed by a court-appointed receiver is one of good faith; where a receiver is involved in the management of a going concern, errors in business judgment by the receiver are not actionable.

*Honigman Miller Schwartz and Cohn* (by *Mark A. Goldsmith* and *Ann L. Andrews*), for Adrian J. Balinski.

*Sommers, Schwartz, Silver & Schwartz* (by *Carl B. Downing*) and *Fakhri W. Yono* (by *Carl B. Downing*), for Venus Plaza Associates.

Before: Markey, P.J., and Bandstra and Markman, JJ.

Per Curiam. Venus Plaza Associates (hereinafter Venus) appeals as of right the order denying its motion for leave to sue a court-appointed receiver. We affirm.

Resolution Trust Corporation, as conservator of First Federal Savings & Loan Association, held a mortgage note executed by Venus. Venus had secured the note with a mortgage on and an assignment of rents of the Venus Plaza Shopping Center. In February 1993, Venus defaulted on the loan, and Resolution

Trust Corporation subsequently brought an action to enforce its rights under the loan agreement. Resolution Trust petitioned the Oakland Circuit Court for the appointment of a receiver over Venus' shopping center, which the court granted. Under the terms of the order, the receiver was to use his "best efforts" to manage the property in a "first-class manner." The receivership continued for approximately two years, during which time the receiver filed monthly reports with the court. In 1995, the court entered a stipulated order terminating the receivership, and Venus sought leave to sue the receiver for allegedly failing to perform his duties as outlined in the court order. The court denied the motion, finding that Venus had failed to state meritorious claims against the receiver and that bad faith was a necessary element of a claim against a court-appointed receiver. We agree with the trial court.

Receivers may be appointed by circuit courts in the exercise of equitable powers under the authority of MCL 600.2926; MSA 27A.2926. In Michigan, leave of court must be obtained before bringing a lawsuit against a court-appointed receiver. *Citizens' Savings Bank v Ingham Circuit Judge*, 98 Mich 173, 177; 57 NW 121 (1893); *In re Petition for Appointment of a Receiver for Peoples State Bank*, 51 Mich App 421, 431-432; 215 NW2d 722 (1974). The grant or denial of leave to sue a receiver is reviewed for an abuse of discretion. *Citizens' Commercial & Savings Bank v Bay Circuit Judge*, 110 Mich 633, 634; 68 NW 649 (1896).

Venus argues that the trial court erred in requiring it to allege bad faith as a necessary element in a claim against a court-appointed receiver. Whether the

pleaded evidence fails to support a claim becomes a question of law where there is a total failure to prove one or more elements necessary to a cause of action. *Kaminsky v Hertz Corp*, 94 Mich App 356, 358; 288 NW2d 426 (1979). A trial court's decision regarding a matter of law is reviewed de novo on appeal. *Brucker v McKinlay Transport Inc (On Remand)*, 225 Mich App 442, 448; 571 NW2d 548 (1997).

Venus argues that the case relied upon by the trial court, *In re Hudson (William Schuette Co v Hudson)*, 258 Mich 176; 241 NW 868 (1932), (hereinafter "*Hudson I*"), does not directly concern the standard of care under which a receiver could be held personally liable. That case dealt with the issue whether creditors could challenge the receivers' accounts. *Id.* at 177. Unlike the present case, where Venus has not alleged any bad faith, the creditors in *Hudson I* did allege bad faith on the part of the receivers and sought to hold the receivers personally liable on those grounds. *Id.* at 180. The Michigan Supreme Court found that although the receivers had made errors in judgment, they had, nevertheless, acted in good faith. *Id.* at 181. As a result, the Court affirmed the lower court's decision to allow the receivers' accounts over the objection of the creditors. *Id.* at 183. Two years later, our Supreme Court decided *In re Hudson (Morgan Sash & Door Co v Hudson)*, 266 Mich 274; 253 NW 295 (1934) (hereinafter "*Hudson II*"). *Hudson II* arose when the creditors sought to remove the receivers and sue one of the receivers for fraud that allegedly occurred within the context of the real estate transaction at issue in *Hudson I. Id.* at 275. The Court noted that such litigation was barred by res judicata, having previously determined that the

receivers had acted in good faith. *Id.* at 275-276. Had bad faith *not* been a required element of the claim against the receiver, the fact that the Court had previously determined that the receivers acted in good faith would not have been dispositive. Therefore, we find that the holding in *Hudson II* requires an element of bad faith when suing court-appointed receivers for actions taken and events occurring during the receivership.

Venus also argues that the receiver's standard of care is to be determined solely by the court's order appointing the receiver. However, the Michigan Supreme Court has stated:

> It is urged on the part of the respondent that, as the receiver is an officer of the court, the control of the court over him is plenary, that whatever he does is done under the direction of the court, and that he is bound to observe the order of the court . . . . It is true that receivers are officers of the court. It is also true that less discretion is given to passive receivers, whose duty consists simply of taking possession of property, and converting it into money, and distributing it, than is allowed to an active receiver, who is required to manage a going concern . . . . Such an officer, to be successful, must possess large executive ability, and must be clothed with considerable discretion. . . . He may do such things, in the ordinary course of business, as to him, in good faith, seem necessary to render the business . . . profitable and successful. [*Morley v Saginaw Circuit Judge*, 117 Mich 246, 250; 75 NW 466 (1898).]

The *Morley* case clearly outlines the standard of care owed by a court-appointed receiver as one of good faith. Where a receiver is managing a going concern, as in the present case, errors in business judgment are not actionable. *Id.* Because Venus' motion did not

allege bad faith by the receiver, we find no abuse of discretion in the trial court's denial of Venus' motion.

Affirmed.